UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

THOMAS W. BURKE, as Chairman of the Trustees of, and a participant in, The Buffalo Carpenters Pension Fund, CURTIS ZAMERSKI and RICHARD KOHL

                      Plaintiffs,

        v.

TERRENCE L. BODEWES, JAMES MALONEY, VINCENT FETES, ERNEST BOUCHARD, THOMAS HERR, DARYL BODEWES, GEORGE FERRARO and JAMES BIDDLE, SR., personally and in their capacities as Trustees and plan fiduciaries and THE SEGAL COMPANY,

                      Defendants.

---

DARYL BODEWES and TERRENCE L. BODEWES, as participants in the Buffalo Carpenters Pension Fund and as former Trustees and plan fiduciaries, and JAMES MALONEY, ERNEST BOUCHARD and VINCENT FETES as former TRUSTEES,

                      Third-Party Plaintiffs,

        v.

JAMES KILGER, ROBERT KULCZYK, JOHN O'HARE, JR. and BRUCE HOFFMAN, personally and in the capacities as Trustees and plan fiduciaries, ULICO CASUALTY COMPANY and THE BUFFALO CARPENTERS PENSION FUND,

                      Third-Party Defendants.

---

JAMES BIDDLE, SR. and GEORGE FERRARO,

                      Third-Party Plaintiffs,

        v.

ULICO CASUALTY COMPANY and THE BUFFALO CARPENTERS PENSION FUND,

                      Third-Party Defendants

---

**ULICO CASUALTY COMPANY'S RESPONSE TO GEORGE FERRARO AND JAMES BIDDLE, SR.'S FIRST SET OF INTERROGATORIES**

Civil Action No.: 00-CV-0065C(M)

**Interrogatory No. 1**. Identify the person or persons answering these Interrogatories and each and every person with whom you consulted or upon whom you relied, or who otherwise constituted a source of information for you in connection with the preparation of your answer to these Interrogatories, and, with respect to each and every person identified, state his/her title and/or position with Ulico Casualty Company, or his/her last known address and telephone number if not employed by Ulico Casualty Company; and the number(s) of the Interrogatories to which he or she was consulted, relied upon, or otherwise constituted a source of information.

**ANSWER:**   Anthony J. Piazza, Esq., Saperston & Day, P.C. and Lois Ryan, Liability Claims Analyst from Ulico Casualty Company, Massachusetts Avenue, NW, Washington, D.C. 20001.

**Interrogatory No. 2**. Identify by name or type, policy number, including renewal policy number, effective dates, and any other manner of identification, the policies that Ulico Casualty Company issued to The Buffalo Carpenters Pension Fund between 1990 and the present, and state which one was the policy in effect at the time of Owen Rumelt's letter of May 14, 1999, and the one in which Ulico is disclaiming coverage under in this matter. With respect to each policy identified provide a certified copy, including all attachments and endorsements, with your responses to these Interrogatories.

**ANSWER:**   (1) Ulico Trustee and Fiduciary Liability insurance policy no. P8160880, new policy, 4/8/94 to 4/8/95; (2) Ulico Trustee and Fiduciary Liability insurance policy no. P8180480, renewal of policy no. 48160880, 3/15/95 to 5/15/96; (3) Ulico Trustee and Fiduciary Liability insurance policy no. P8203830, renewal policy no. P8180480, 5/15/96 to 5/15/97; (4) Ulico Trustee and Fiduciary Liability insurance policy no. P8224170, renewal of policy no. P8203830, 5/15/97 to 5/15/98; and (5) Ulico Trustee and Fiduciary Liability insurance policy no. FLP 1800300, renewal

policy no. P8224170, 5/15/98 to 5/15/99. Certified copies of the policies for the periods from 1996 through 1999 are on file at the Discovery Depository of the U.S. Federal Courthouse. Policy no. FLP 1800300 was in effect at the time of Owen Rumelt's letter dated May 14, 1999.

**Interrogatory No. 3**. Identify by name, title or position, and dates of employment if still employed by Ulico Casualty Company, or last known address and telephone number if not still employed by Ulico, the person or persons responsible for the underwriting and/or issuance of the policy or policies identified in response to Interrogatory No. 2, above.

**ANSWER:** Gari Mungo, Underwriting Manager for the San Francisco office of Ulico Casualty Company.

**Interrogatory No. 4.** State the employer, title or position, and address and telephone number of Penelope Thornton Talley and Karen Sheppard and state what role, if any, each had or has with respect to the Third-Party Plaintiffs' or Insureds' claims for insurance coverage with respect to the main action in this matter.

**ANSWER:** Penelope Thorton Talley was a liability claims analyst with Ulico Casualty Company and is no longer employed by Ulico Casualty Co. Karen Sheppard is the Director of Ulico Casualty Co. and is still employed with the company.

**Interrogatory No. 5.** Identify by name, and title or position, if still employed by Ulico Casualty Company, or last known address and telephone number if not employed by Ulico Casualty Company, the person or persons involved in or who participated in the decision to disclaim coverage to the current Trustees or former Trustees of The Buffalo Carpenters Pension Fund, or Third-Party Plaintiffs or Insureds with respect to the main action in this matter.

**ANSWER:** Karen Sheppard, Senior Analyst from Ulico Casualty Company and Penelope Thorton Talley, liability claims analyst who is no longer employed by Ulico. Ms. Tally now works

at Global Metro Networks and can be reached at 8401 Colesville Road, Suite 305, Silver Springs, Maryland 20910, (301) 578-1900.

**Interrogatory No. 6**.  Identify each and every basis that Ulico Casualty Company has relied on to disclaim coverage under the policy identified in response to Interrogatory No. 2 above, and for each basis identified state with specificity the following information:

   (a)   the specific section, exclusion and/or endorsement of the policy which form the bases of the disclaimer;

   (b)   the factual and legal basis or contention for reliance on the section, exclusion and/or endorsement which forms the bases of the disclaimer;

   (c)   any other factual and legal basis or contention not identified in subparagraph (b) above which forms the bases of the disclaimer.

**ANSWER:**   The answers to Interrogatory No. 6 restate and supplement Ulico's prior disclaimers and affirmative defenses asserted in this action.

   1.

   a) I.   COVERAGE; Coverage A - Loss Payment and Claims Made Provision

   b)   Ulico asserts that the insured had knowledge of wrongful acts prior to the effective date of the policy and therefore no coverage exists for those acts which occurred prior to the effective date of the policy.

   c)   Ulico will supplement this response to the extent that further information is uncovered during discovery.

   2.

   a)   III CLAIMS MADE EXTENSION CLAUSE

   b)   Ulico asserts that the compliant includes claims not raised until the complaint was served, including claims based upon the Trustees' failure to implement collection guidelines and failure to collect contributions. Notice was not provided to the carrier within the policy period for claims regarding acts or omissions which the insured believed might subsequently result in a covered claim against it/them.

     As a result, there is no coverage for those alleged acts or omissions.

c) Ulico will supplement this response to the extent that further information is uncovered during discovery.

3.

a) VII. CONDITIONS, (2)(a) Insured's Duties in the Event of Occurrence, Claim or Suit.

b) Ulico asserts that the Trustees were aware of the severe financial problems faced by the Fund by, at the latest, August 1998 when Segal advised of the impending bankruptcy of the Fund. Nine months passed between the date the Trustees became aware of the Fund's impending financial demise and the date notice was provided to Ulico (May 14, 1999). Ulico asserts that notice was not provided as soon as practicable after the occurrence, as required by the policy.

c) Ulico will supplement this response to the extent that further information is uncovered during discovery.

4.

a) VII. CONDITIONS, 11. "Application," Endorsement No. 2.

b) Ulico asserts that this action seeks to recover from past and current Trustees for amounts lost due to alleged mismanagement and breach of fiduciary duty. Plaintiffs have not brought claims on their own behalf. Neither Curtis Zamerski (plaintiff participant), nor Richard Kohl (plaintiff beneficiary) seek to recover their own payments or benefits As such, the claims brought by the Trustee plaintiff are the same claims as those advanced by the participant and beneficiary plaintiffs. ERISA §405(a), codified as 29 U.S.C. §1109(a) provides that a fiduciary who breaches his duties with respect to a plan is personally liable <u>to the plan</u> for losses sustained. ERISA §409 authorizes relief only for the plan itself and denies private recovery to individual participants or beneficiaries. Any damages sought by a plan

**SAPERSTON & DAY, P.C.**
2000 HSBC PLAZA • ROCHESTER, NEW YORK 14604

participant under §1109 inure to the plan itself, not to the individual beneficiary. Therefore, as all damages sought for Trustee mismanagement and breach of fiduciary duties are for the benefit of the plan and not the plaintiff participant or beneficiary, this action is brought solely to benefit the plan - an insured under the applicable policy. For this reason, this lawsuit arises out of assertions by or on behalf of an insured (the plan) against other insureds (the Trustees). Any such claims or assertions are specifically excluded from coverage under the applicable policy.

c)  Ulico will supplement this response to the extent that further information is uncovered during discovery.

5.

a)  VII CONDITIONS 11. "Application," Endorsement No. 4

b)  The complaint alleges that the Trustees violated federal fiduciary standards by failing to review Segal's assumptions, by failing to review the financial status of the Fund, by improving benefits when the Fund could not afford such increases, and by failing to collect delinquent contributions. As all such claims arise out of the inability of the Fund to pay benefits due to insufficient contributions, all claims are excluded.

c)  Ulico will supplement this response to the extent that further information is uncovered during discovery.

6.

a)  IV EXCLUSIONS; (d)

b)  The complaint alleges that the Fund's financial condition was caused by the "malfeasance" of the Trustees. Ulico asserts that the policy at the issue does not apply to any claim for, or arising out of, "any conduct which is dishonest, willful, malicious, fraudulent, or otherwise intended to cause damage or injury to person or property." Therefore, any claims relating to purposeful conduct which resulted in damages are excluded from coverage.

c)  Ulico will supplement this response to the extent that further information is uncovered during discovery.

7.

a)  IV. EXCLUSIONS; (d)

b)  The complaint alleges that the Trustees violated certain provisions of ERISA and that said violations resulted from Trustee malfeasance and misfeasance. As the policy excludes any claim arising out of any wrongful act which is, or is alleged to be, a "willful or reckless violation of any statute," any such violations alleged in the complaint are excluded from coverage.

c)  Ulico will supplement this response to the extent that further information is uncovered during discovery.

8.

a)  IV. EXCLUSIONS; (b)

b)  The complaint seeks punitive damages and the policy does not provide for payment of any such fines, penalties, taxes, punitive or exemplary damages.

c)  Ulico will supplement this response to the extent that further information is uncovered during discovery.

9.

a)  VII. CONDITIONS; (8) "Action Against the Company"

b)  The policy provides that no action shall lie against the company until the amount of the insureds' obligation to pay has been finally determined by judgment or agreement. As no such judgment or agreement has yet ensued, the action is untimely.

c)  Ulico will supplement this response to the extent that further information is uncovered during discovery.

10.

    a)    VII. CONDITIONS; (11.) "Application"

    b)    The policy provides that it is issued in reliance upon the truth of representations made in the application for insurance. In the instant case, the applications contained misrepresentations regarding the financial condition of the fund. Specifically, Question 10 on each application asked whether the Fund or any Trustees are aware of any circumstances which may result in a claim asserted against the Fund or Trustees for "actual or alleged errors or omissions." On each application the preparer answered in the negative.

    c)    Ulico will supplement this response to the extent that further information is uncovered during discovery.

**Interrogatory No. 7**. For each and every basis identified in response to Interrogatory No. 6, state the number of times Ulico Casualty Company has relied on said basis to disclaim coverage under the form Trustee and Fiduciary Liability policy at issue since 1990, and for each time provide the following information:

    (a)    name of the insured;

    (b)    whether or not the disclaimer resulted in litigation and, if so, the caption and venue of the litigation and the ultimate result of the litigation;

    (c)    whether or not Ulico Casualty Company has a claims file for each of the insureds it has identified in subparagraph (a) and, if so, where it is located and who has custody of it.

Provide a copy of each disclaimer letter issued for each disclaimer identified and any written decision, order or judgment related to any litigation identified in response to this Interrogatory.

**ANSWER:** Ulico objects to this interrogatory on the basis that it is irrelevant, overboard and unduly burdensome.

**Interrogatory No. 8**. With respect to the Seventh Affirmative Defense set forth in Ulico Casualty Company's Answer to the Third-Party Complaint of James Biddle, Sr. and George Ferraro,

state each and every policy condition relating to notice of claims that Ulico claims the Third-Party Plaintiffs and the insureds breached, and for each policy condition identified state:

 (a) the section or endorsement number of the policy Ulico is relying on to disclaim coverage on account of a breach of or failure to comply with the notice of claim provisions; and

 (b) Ulico's factual and legal basis or contention that the Third-Party Plaintiffs and insureds breached or failed to comply with the notice of claim provisions identified.

**ANSWER:**  (a) Part VII. CONDITIONS; (2)(a) "Insured's Duties in the Event of Occurrence, Claim or Suit"; Part III Claims Made Extension Clause.

 (b) Although Ulico's factual and legal basis will be substantiated as discovery continues, Ulico would refer counsel to Ulico's response to Interrogatory 6, subdivisions (2) and (3) for an adequate response to this section of Interrogatory No. 8.

**Interrogatory No. 9.** With respect to the Eighth Affirmative Defense set forth in Ulico Casualty Company's Answer to the Third-Party Complaint of James Biddle, Sr. and George Ferraro, specifically identify each and every condition precedent to coverage that Ulico claims Third-Party Plaintiffs and/or the Insureds have not satisfied, and state Ulico's factual and legal basis or contention, other than merely referring to a policy section or endorsement, that Third-Party Plaintiffs and/or Insureds did not satisfy the conditions precedent identified.

**ANSWER:** Ulico would again refer counsel to Ulico's response to Interrogatory No. 6 subdivision 3(a) and (b), wherein Ulico has stated its factual basis for alleging failure to satisfy policy conditions in that the condition of the Fund afforded knowledge of an "occurrence" as defined by the policy <u>at least</u> nine months prior to the date upon which notice was provided. This is a breach of Part VII. Conditions, (2) "Insured Duties in the Event of Occurrence, Claim of Suit."

Additionally, as this action was commenced at a time when Ulico alleges that the insured had not fully complied with the terms of the policy and that the amount of the insured's obligation to pay

had not been fully determined, this results in a breach of Part VII. Conditions, (8) "Action Against The Company." (see Response to Interrogatory No. 6 subdivision 9(a) and (b))

Also, Ulico asserts a violation of Part VII, Conditions, (11.) "Application," as more fully set forth in Response to Interrogatory No. 6 subdivision 10(a) and (b).

**Interrogatory No. 10.** Set forth the factual and legal basis or contention, other than merely referring to a policy section or endorsement, that there is no coverage for the Third-Party Plaintiffs and/or Insureds in the main action in this matter because the main action is brought by or on behalf of an insured against another insured as alleged in Ulico Casualty Company's Ninth Affirmative Defense.

**ANSWER:** See response to Interrogatory No. 6, subdivision 4(a) and (b).

**Interrogatory No. 11.** With respect to the response to Interrogatory No. 10 above, provide Ulico Casualty Company's factual and legal basis or contention, other than merely referring to a policy section or endorsement, as to how that exclusion or defense alone bars coverage with respect to the allegations and causes of action brought by Plaintiffs Curtis Zamerski and Richard Kohl, who are not "insureds" as defined by the policy at issue.

**ANSWER:** See response to Interrogatory No. 6, subdivision 4(a) and (b).

**Interrogatory No. 12.** With respect to the Eleventh Affirmative Defense set forth in Ulico Casualty Company's Answer to the Third-Party Complaint of James Biddle, Sr. and George Ferraro, identify the specific section or endorsement of the policy which is being relied on and state which allegations of the Complaint and amended Complaint in the main action Ulico claims arises out of or is a claim for intentional harm.

**ANSWER:** See response to Interrogatory No. 6 subdivisions 6(a) and (b) and 7(a) and (b).

**Interrogatory No. 13**. With respect to the Twelfth Affirmative Defense set forth in Ulico Casualty Company's Answer to the Third-Party Complaint of James Biddle, Sr. and George Ferraro, identify each and every claim and/or cause of action in the Complaint or Amended Complaint in the main action that Ulico claims was not made prior to the termination of the policy period.

**ANSWER:**   See response to Interrogatory No. 6, subdivision 2(a) and (b).

**Interrogatory No. 14.** With respect to the Thirteenth Affirmative Defense set forth in Ulico Casualty Company's Answer to the Third-Party Complaint of James Biddle, Sr. and George Ferraro, set forth the factual and legal basis or contention of Ulico's defense, other than merely referring to a policy section or endorsement, that the policy does not provide coverage for claims expenses, including attorneys' fees.

**ANSWER:**   As no action may, at this point, be maintained against Ulico pursuant to the policy (See response to Interrogatory No. 6, subdivision 9(a) and (b)) then Ulico is not yet responsible for claims expenses.

**Interrogatory No. 15.** With respect to the Thirteenth Affirmative Defense set forth in Ulico Casualty Company's Answer to the Third-Party Complaint of James Biddle, Sr. and George Ferraro, set forth each and every act of the Trustees and/or Insureds which is, or alleged to be, the willful or reckless violation of any statute, and with respect to each act identified state the factual or legal basis or contention that the alleged act is a willful or reckless violation of any statute under the policy exclusion relied on.

**ANSWER:**   See response to Interrogatory No. 6 subdivisions 6(a) and (b) and 7(a) and (b).

**Interrogatory No. 16.** With respect to the Fifteenth Affirmative Defense set forth in Ulico Casualty Company's Answer to the Third-Party Complaint of James Biddle, Sr. and George Ferraro, set forth what claim or cause of action alleged in the Complaint and Amended Complaint is a claim

for or arises out of the liability of others, assumed under any contract or agreement, which forms the basis of this defense or exclusion.

**ANSWER:** At this stage of discovery, Ulico is unable to provide facts regarding those claims for, or arising out of the liability of others, assumed under any contract or agreement as Ulico has not yet obtained or reviewed any such agreements or contracts. Ulico therefore reserves the right to amend this response as discovery progresses.

**Interrogatory No. 17.** With respect to the Sixteenth Affirmative Defense set forth in Ulico Casualty Company's Answer to the Third-Party Complaint of James Biddle, Sr. and George Ferraro, identify specifically what claim(s) and/or causes of action in the Complaint or Amended Complaint arise out of The Buffalo Carpenters Pension Fund's inability to pay benefits due to insufficient contributions, and set forth the factual and legal basis or contention, other than merely referring to a policy section or endorsement, that the claim(s) and/or causes of action identified do arise out of the Fund's inability to pay benefits due to insufficient contributions.

**ANSWER:** See response to Interrogatory No. 6 subdivisions 5(a) and (b). In addition, the Fifth and Sixth Causes of Action directly relate to the inability of the Fund to pay benefits due to insufficient contributions in that the Fifth Cause of Action charges the Trustees with the failure to implement a collection/delinquency policy with regard to contributions and the Sixth Cause of Action alleges a failure to adequately collect delinquent Fund contributions. The First, Second and Third Causes of Action would include by implication acts done by the Fund which led to insufficient contributions being paid in as the First Cause of Action alleges a failure to adequately review and monitor Segal's performance in advising the Fund; the Second alleges a failure to adequately monitor the condition of the Fund itself and the Third involves misfeasance and malfeasance in increasing benefits without requiring sufficient contribution. The Fourth Cause of Action also

impliedly involves insufficient contribution to the Fund in that it alleges a failure to consider the Fund's anticipated cash flow requirements in considering the current return of the Fund portfolio.

**Interrogatory No. 18.** With respect to the Seventeenth Affirmative Defense set forth in Ulico Casualty Company's Answer to the Third-Party Complaint of James Biddle, Sr. and George Ferraro, identify what claim(s) and/or causes of action in the Complaint or Amended Complaint Ulico claims must be dismissed based upon the "known risk doctrine," and state the factual and legal basis or contention for Ulico's defense that the claim(s) and/or causes of action identified herein must be dismissed based upon the "known risk doctrine."

**ANSWER:** Upon information and belief, based upon the knowledge possessed by the Trustees during the time period that Segal worked for the Fund, the Trustees knew or should have known that in continuing to employ and rely upon Segal they were risking the exact damage to the Fund which ultimately ensued. Therefore, the First, Second, Third and Fourth Causes of Action insofar as they are based upon the Trustees reliance upon the advice and services of Segal, which advice and services the Trustees knew or should have know posed an obvious and readily observable risk of harm to the Fund, must be dismissed based upon the "known risk" doctrine.

**Interrogatory No. 19.** With respect to the Eighteenth Affirmative Defense set forth in Ulico Casualty Company's Answer to the Third-Party Complaint of James Biddle, Sr. and George Ferraro, set forth the factual and legal basis or contention for Ulico's reliance on the policy's purported prohibition of any action against Ulico until a final determination of the Insured's obligation to pay, and identify whether Ulico has ever been involved in litigation relative to this policy provision or a similar policy provision and, if so, state:

    (a)    the caption and venue of the litigation;

    (b)    whether or not there was a decision, order or judgment from the Court related to the policy provision at issue; and

(c)   if there was a decision, the nature and/or substance of the decision. Provide a copy of any pleadings or motion papers relating to the policy provision at issue and any decision, order or judgment relating to the policy provision at issue.

**ANSWER:**   Ulico's reliance on the policy's prohibition of any action against Ulico until a final determination of the insured's obligation to pay is based upon the clear and unambiguous language contained in Part VII. Conditions, subdivision 8. "Action Against the Company" for which the insured incontrovertibly agreed at the outset of the coverage period. Ulico objects to the remainder of this interrogatory as irrelevant to the instant litigation, outside the scope of material subject to disclosure, overboard and is unduly burdensome.

**Interrogatory No. 20**. With respect to the Nineteenth Affirmative Defense set forth in Ulico Casualty Company's Answer to the Third-Party Complaint of James Biddle, Sr. and George Ferraro, identify each and every material misrepresentation, error, omission and/or fraudulent statement Ulico claims is contained in the application for insurance pursuant to which the policy was issued, and for each and every material misrepresentation, error or omission and/or fraudulent statement identified state the reason(s) why Ulico would have denied the application and/or not issued the policy because of said material misrepresentation, error, omission and/or fraudulent statement.

**ANSWER:**   See response to Interrogatory No. 6 subdivisions 10(a) and (b).

**Interrogatory No. 21**. Identify all documents consulted, reviewed, relied on or otherwise used in preparation of Ulico Casualty Company's responses to Third-Party Defendants James Biddle, Sr. and George Ferraro's First Set of Interrogatories, and for each document identified specify what interrogatory it was consulted, reviewed, relied on or otherwise used for and the person(s) and title or position of the person(s) who have custody of said document.

**ANSWER:** The following documents were reviewed and relied upon for each interrogatory: the Complaint in the underlying action; the Third-Party Complaint; Ulico's Answer to the Third-Party Complaint; the insurance policies referred to in Response to Interrogatory No. 2; and numerous documents produced to date in discovery. Upon information and belief, the attorneys for third-party plaintiffs are in possession of most of these documents. Any documents in Ulico's possession or custody other than pleadings and those produced by other parties in discovery are on file at the Discovery Depository at the U.S. Federal Courthouse for review by all parties.

Dated:   March 30, 2001
         Rochester, New York

                                    Respectfully submitted,

                                    SAPERSTON & DAY, P.C.

                            By:     _____
                                    Anthony J. Piazza
                                    Attorneys for Third-Party Defendant
                                    **Office and P.O. Address**
                                    800 First Federal Plaza
                                    28 East Main Street
                                    Rochester, New York 14614
                                    Tel: (716) 325-7570

**TO:**  **DAMON & MOREY**
         Charles Carra, Esq.
         Attorneys for Defendants/Third-Party Plaintiffs
         **Office and P.O. Address**
         1000 Cathedral Place
         298 Main Street
         Buffalo, NY 14202

**CC:**  **LEVY, RATNER & BEHROOZI, P.C.**
         Richard Levy, Esq.
         80 Eighth Avenue
         New York, New York 10011-5126

         **BOYLAN, BROWN, CODE, VIGDOR & WILSON**
         Louis Micca, Esq.
         2400 Chase Square
         Rochester, New York 14604

**BOYLAN, BROWN, CODE, VIGDOR & WILSON**
Robert Pizzo, Esq.
2400 Chase Square
Rochester, New York 14604

**MICHAEL RICKARD, II, ESQ.**
140 St. Mary's Street
Lancaster, New York 14086

**COHEN & LOMBARDO**
Daniel Sperrazza, Esq.
343 Elmwood Avenue
Post Office Box 5204
Buffalo, New York 14213-5204

**LAWRENCE BROWN, ESQ.**
360 Dingens Street
Buffalo, New York 14206

**LAW OFFICES OF CHARLES G. HUMPHREY**
Charles G. Humphrey, Esq.
8555 Main Street, Suite 102
Williamsville, New York 14221

**SIMPSON, THACHER & BARTLETT**
Thomas Rice, Esq.
425 Lexington Avenue
New York, New York 10017

Library: rochdocs Doc #: 191200 v1