UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

CURTIS ZAMERSKI and RICHARD KOHL,

                              Plaintiffs,

vs.

TERRENCE L. BODEWES, JAMES MALONEY,
VINCENT FETES, ERNEST BOUCHARD,
THOMAS HERR, DARYL BODEWES,
GEORGE FERRARO and JAMES BIDDLE, SR.,
personally and in their capacities as Trustees
and plan fiduciaries,

                              Defendants.

———————————————————————

TERRENCE L. BODEWES, JAMES MALONEY,
VINCENT FETES, DARYL BODEWES,
JAMES BIDDLE, SR., GEORGE FERRARO and
THOMAS HERR,

                    Third-Party Plaintiffs,

vs.

ULICO CASUALTY COMPANY,

                    Third-Party Defendant.

———————————————————————

**DEFENDANTS/THIRD-PARTY
PLAINTIFFS STATEMENT
PURSUANT TO LOCAL RULE
OF CIVIL PROCEDURE 56.1**


Civil Action No.: 01-CV-0365C

        Pursuant to Rule 56.1(a) of the Local Rules of Civil Procedure of the Western District of

New York, Defendants/Third-Party Plaintiffs Terrence L. Bodewes, Thomas Herr, James Biddle,

Sr., and George Ferraro [herein "Defendants"] respectfully submit this response to the

allegations asserted by Third-Party Defendant ULICO Casualty Company in its Local Rule 56.1

Statement of Material Facts [herein "ULICO's R.56 Stmt."], as well as a Statement of

Undisputed Material Facts in Support of Defendants' Cross-Motion for Summary Judgment.

1.      Defendants admit the allegations contained in Paragraph 1 of ULICO's R.56 Stmt.

2.      Defendants admit the allegations contained in Paragraph 2 of ULICO's R.56 Stmt.

3.      Responding to the allegations contained in Paragraph 3 of ULICO's R.56 Stmt., Defendants state that the documents identified in this allegation speak for themselves and, therefore, deny the allegations contained in Paragraph 4 of ULICO's R.56 Stmt.  Defendants further state that the existence and/or contents of the documents identified in this paragraph are absolutely immaterial to the issue of whether ULICO must provide Defendants with a defense in this matter because the duty to defend must be measured by the allegations contained in Plaintiffs' Second Amended Complaint, not by extrinsic evidence.  *See* Fitzpatrick v. American Honda Motor Co., Inc., 78 N.Y.2d 61, 63, 571 N.Y.S.2d 672, 672-74 (1991); *see also*, Burt Rigid Box, Inc. v. Travelers Prop. Cas. Corp., 302 F.3d 83, 97 (2nd Cir. 2002) (noting that "[a]n insurer's duty to defend is broader than its duty to indemnify and is generally determined by comparing the allegations of the complaints to the terms of the relevant policies").

4.      Responding to the allegations contained in Paragraph 4 of ULICO's R.56 Stmt., Defendants state that the documents identified in this allegation speak for themselves and, therefore, deny the allegations contained in Paragraph 4 of ULICO's R.56 Stmt.  Defendants further state that the existence and/or contents of the documents identified in this paragraph are absolutely immaterial to the issue of whether ULICO must provide Defendants with a defense in this matter because the duty to defend must be measured by the allegations contained in Plaintiffs' Second Amended Complaint, not by extrinsic evidence.  *See* Fitzpatrick, 78 N.Y.2d at 63, 571 N.Y.S.2d at 672-74; Burt Rigid Box, Inc., 302 F.3d at 97.

5.      Responding to the allegations contained in Paragraph 5 of <u>ULICO's R.56 Stmt.</u>, Defendants state that the document identified in this allegation speaks for itself and, therefore, deny the allegations contained in Paragraph 5 of <u>ULICO's R.56 Stmt.</u>  Defendants further state that the existence and/or contents of the document identified in this paragraph is absolutely immaterial to the issue of whether ULICO must provide Defendants with a defense in this matter because the duty to defend must be measured by the allegations contained in Plaintiffs' Second Amended Complaint, not by extrinsic evidence.  *See* <u>Fitzpatrick</u>, 78 N.Y.2d at 63, 571 N.Y.S.2d at 672-74; <u>Burt Rigid Box, Inc.</u>, 302 F.3d at 97.

6.      Responding to the allegations contained in Paragraph 6 of <u>ULICO's R.56 Stmt.</u>, Defendants state that the document identified in this allegation speaks for itself and, therefore, deny the allegations contained in Paragraph 6 of <u>ULICO's R.56 Stmt.</u>  Defendants further state that the existence and/or contents of the document identified in this paragraph is absolutely immaterial to the issue of whether ULICO must provide Defendants with a defense in this matter because the duty to defend must be measured by the allegations contained in Plaintiffs' Second Amended Complaint, not by extrinsic evidence.  *See* <u>Fitzpatrick</u>, 78 N.Y.2d at 63, 571 N.Y.S.2d at 672-74; <u>Burt Rigid Box, Inc.</u>, 302 F.3d at 97.

7.      Responding to the allegations contained in Paragraph 7 of <u>ULICO's R.56 Stmt.</u>, Defendants state that the documents identified in this allegation speak for themselves and, therefore, deny the allegations contained in Paragraph 7 of <u>ULICO's R.56 Stmt.</u>  Defendants further state that the existence and/or contents of the documents identified in this paragraph are absolutely immaterial to the issue of whether ULICO must provide Defendants with a defense in this matter because the duty to defend must be measured by the allegations contained in

Plaintiffs' Second Amended Complaint, not by extrinsic evidence.  *See* <u>Fitzpatrick</u>, 78 N.Y.2d at 63, 571 N.Y.S.2d at 672-74; <u>Burt Rigid Box, Inc.</u>, 302 F.3d at 97.

8.     Responding to the allegations contained in Paragraph 8 of <u>ULICO's R.56 Stmt.</u>, Defendants state that the document identified in this allegation speaks for itself and, therefore, deny the allegations contained in Paragraph 8 of <u>ULICO's R.56 Stmt.</u>  Defendants further state that the existence and/or contents of the document identified in this paragraph is absolutely immaterial to the issue of whether ULICO must provide Defendants with a defense in this matter because the duty to defend must be measured by the allegations contained in Plaintiffs' Second Amended Complaint, not by extrinsic evidence.  *See* <u>Fitzpatrick</u>, 78 N.Y.2d at 63, 571 N.Y.S.2d at 672-74; <u>Burt Rigid Box, Inc.</u>, 302 F.3d at 97.

9.     Responding to the allegations contained in Paragraph 9 of <u>ULICO's R.56 Stmt.</u>, Defendants admit that Owen Rumelt transmitted correspondence to ULICO on May 14, 1999 regarding claims that may be asserted and covered by the at-issue policy and further state that the document identified in this allegation speaks for itself.

10.     Responding to the allegations contained in Paragraph 10 of <u>ULICO's R.56 Stmt.</u>, Defendants admit that ULICO issued correspondence dated May 20, 1999, and state that the document identified in this allegation speaks for itself and, therefore, deny the allegations contained in Paragraph 10 of <u>ULICO's R.56 Stmt.</u>

11.     Responding to the allegations contained in Paragraph 11 of <u>ULICO's R.56 Stmt.</u>, Defendants admit that ULICO transmitted correspondence dated September 23, 1999 to the Buffalo Carpenters Health Care Premium Benefit, Annuity and Pension Funds, but Defendants state that the document identified in this allegation speaks for itself and, therefore, deny the allegations contained in Paragraph 11 of <u>ULICO's R.56 Stmt.</u>

12.     Defendants admit the allegations contained in Paragraph 12 of ULICO's R.56 Stmt.

13.     Responding to the allegations contained in Paragraph 13 of ULICO's R.56 Stmt., Defendants state that Plaintiffs' Complaint, Amended Complaint and Second Amended Complaint speak for themselves.

14.     Defendants admit the allegations contained in Paragraph 14 of ULICO's R.56 Stmt.

15.     Responding to the allegations contained in Paragraph 15 of ULICO's R.56 Stmt., Defendants admit that ULICO transmitted correspondence dated February 28, 2000 to Defendants or Defendants' respective counsel, but Defendants state that the document identified in this paragraph speaks for itself and, therefore, deny the remaining allegations contained in Paragraph 15 of ULICO's R.56 Stmt.

16.     Responding to the allegations contained in Paragraph 16 of ULICO's R.56 Stmt., Defendants admit, upon information and belief, that ULICO transmitted correspondence dated May 2, 2000 to counsel for Defendant Vincent Fetes, but Defendants state that the document identified in this paragraph speaks for itself and, therefore, deny the remaining allegations contained in Paragraph 16 of ULICO's R.56 Stmt.

17.     Defendants admit the allegations contained in Paragraph 17 of ULICO's R.56 Stmt.

18.     Responding to the allegations contained in Paragraph 18 of ULICO's R.56 Stmt., Defendants admit that ULICO transmitted correspondence dated October 3, 2000 to Defendants or Defendants' respective counsel, but Defendants state that the document identified in this

allegation speaks for itself and, therefore, deny the remaining allegations contained in Paragraph

18 of <u>ULICO's R.56 Stmt.</u>


Dated: Buffalo and Rochester, New York
      January 30, 2004

| | |
|---|---|
| **BOYLAN, BROWN, CODE,**<br>**VIGDOR & WILSON, LLP** | **COHEN & LOMBARDO, P.C.** |

By:    s/Mark A. Costello                         By:    s/Daniel J. Sperrazza
Mark A. Costello, Esq., of Counsel              Daniel J. Sperrazza, Esq., of Counsel
*Attorneys for Defendants and*                 *Attorneys for Defendants and*
*Third-Party Plaintiff Terrence L. Bodewes*    *Third-Party Plaintiff Thomas Herr*
2400 Chase Square                            343 Elmwood Avenue; P.O. Box 5204
Rochester, New York 14604               Buffalo, New York 14213-5204
(585) 232-5300                              (716) 881-3010

**DAMON & MOREY LLP**


By:    s/R. Scott DeLuca
R. Scott DeLuca, Esq., of Counsel
*Attorneys for Defendants and*
*Third-Party Plaintiffs James Biddle, Sr.*
*and George Ferraro*
1000 Cathedral Place
298 Main Street
Buffalo, New York 14202-4096
(716) 856-5500


TO:    **LEVY RATNER P.C.**
         Richard A. Levy, Esq.
         Owen Rumelt, Esq.
         *Attorneys for Plaintiffs*
         *Curtis Zamerski and Richard Kohl*
         80 Eighth Avenue
         New York, New York 10011-5126
         (212) 627-8100

**HISCOCK & BARCLAY, LLP**
Anthony J. Piazza, Esq.
***Attorneys for Third-Party Defendant***
***ULICO Casualty Company***
2000 HSBC Plaza
Rochester, New York 14604
(585) 325-7570

Michael Rickard, II, Esq.
***Attorney for Defendant/Third-Party Plaintiff***
***Vincent Fetes***
24A Old Lyme Road, Suite 4
Williamsville, New York 14221
(716) 689-4445

Lawrence C. Brown, Esq.
***Attorney for Defendant/Third-Party Plaintiff***
***Daryl Bodewes***
360 Dingens Street
Buffalo, New York 14206
(716) 826-0770

**CERTIFICATE OF SERVICE**

I, R. Scott DeLuca, Esq., certify that on the 30th day of January, 2004, a copy of Defendants/Third-Party Plaintiffs Statement pursuant to Local Rule of Civil Procedure 56.1 was sent to counsel of record in this action, via first class mail, at the following addresses:

<table>
<tr><td>

**LEVY RATNER P.C.**
Richard A. Levy, Esq.
Owen Rumelt, Esq.
80 Eighth Avenue
New York, New York 10011-5126

</td><td>

**HISCOCK & BARCLAY, LLP**
Anthony J. Piazza, Esq.
2000 HSBC Plaza
Rochester, New York 14604

</td></tr>
<tr><td>

Michael Rickard, II, Esq.
24A Old Lyme Road, Suite 4
Williamsville, New York 14221

</td><td>

Lawrence C. Brown, Esq.
360 Dingens Street
Buffalo, New York 14206

</td></tr>
</table>

s/R. Scott DeLuca
_____
R. Scott DeLuca, Esq.