UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CURTIS ZAMERSKI and RICHARD KOHL,

                                 Plaintiffs,

vs.                                                 Civil Action No.: 01-CV-0365C

TERRENCE L. BODEWES, JAMES MALONEY,
VINCENT FETES, ERNEST BOUCHARD,
THOMAS HERR, DARYL BODEWES,
GEORGE FERRARO and JAMES BIDDLE, SR.,
personally and in their capacities as Trustees
and plan fiduciaries,

                                 Defendants.

---

TERRENCE L. BODEWES, JAMES MALONEY,
VINCENT FETES, DARYL BODEWES,
JAMES BIDDLE, SR., GEORGE FERRARO and
THOMAS HERR,

                                 Third-Party Plaintiffs,

vs.

ULICO CASUALTY COMPANY,

                                 Third-Party Defendant.

---

## MEMORANDUM OF LAW ON BEHALF OF
## DEFENDANTS/THIRD-PARTY PLAINTIFFS
## TERRENCE L. BODEWES, THOMAS HERR,
## JAMES BIDDLE, SR., AND GEORGE FERRARO
## IN SUPPORT OF DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT
## AND IN OPPOSITION TO THIRD-PARTY DEFENDANT
## ULICO CASUALTY COMPANY'S MOTION FOR SUMMARY JUDGMENT

**BOYLAN, BROWN, CODE,**
      **VIGDOR & WILSON, LLP**
Mark A. Costello, Esq., of Counsel
***Attorneys for Defendants and***
***Third-Party Plaintiff Terrence L. Bodewes***

**COHEN & LOMBARDO, P.C.**
Daniel J. Sperrazza, Esq., of Counsel
***Attorneys for Defendant and***
***Third-Party Plaintiff Thomas Herr***

**DAMON & MOREY LLP**
R. Scott DeLuca, Esq., of Counsel
***Attorneys for Defendants and***
***Third-Party Plaintiffs James Biddle, Sr.***
***and George Ferraro***

<u>TABLE OF CONTENTS</u>

TABLE OF CONTENTS……………………………………………………………………i

PRELIMINARY   STATEMENT…..…………………………………………………………1

STATEMENT OF FACTS……………………………………………………………3

ARGUMENT ……………………………………………………………………...5

**I.   THE PURPOSE OF THE POLICY IS TO INSURE DEFENDANTS AGAINST ALLEGED FIDUCIARY BREACHES. ULICO'S INTERPRETATION OF THE POLICY RENDERS IT MEANINGLESS. POINT I OF ULICO'S MOTION FOR SUMMARY JUDGMENT SHOULD BE REJECTED AS MERITLESS AND ULICO'S NINTH AFFIRMATIVE DEFENSE (INSURED VERSUS INSURED EXCLUSION) SHOULD BE STRICKEN**…..……………………………………………5

**A. A Contract May Not Be Interpreted In Such A Way As To Render It Meaningless.**……………………………………………6

**B. Insurance Contracts Are Construed Strictly Against The Insurer.**………………7

**C. The Duty To Defend Is Broad.**………………………………………...8

*1. There Is A Duty To Defend Whenever Any Claims Arise From Covered Events.*………………………………………………...10

*2. The Duty To Defend Arises Even If Excluded Claims are Joined In The Action.*……………………………………………...11

*3. The Duty To Defend Arises Based on the Four Corners of Plaintiffs' Pleadings.*………………………………………....11

*4. Burke No Longer Is A Plaintiff In This Action.*………………………………....12

**II. ULICO'S SUMMARY JUDGMENT MOTION MUST BE DENIED BECAUSE THE SIXTEENTH AFFIRMATIVE DEFENSE PRESENTS NO IMPEDIMENT TO DEFENDANTS' DEMAND THAT ULICO ASSUME DEFENDANTS' DEFENSE IN THIS ACTION.**……………………...13

**III. ULICO'S AFFIRMATIVE DEFENSES EITHER SHOULD BE STRICKEN OR PRESENT NO IMPEDIMENT TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT.**……………………………………19

**A. Ulico's Fifth Affirmative Defense (Misjoinder) Should Be Stricken.**………………..19

**B.  Ulico's  Sixth Affirmative Defense (Severance) Must Be Dismissed And Defendants Must Be Provided With A Defense Because The Third Party Claims Were Properly Presented And/Or The Action Has Been Properly Severed.**………………………………20

**C.  Ulico's Seventh Affirmative Defense (Insufficient Notice) Should Be Dismissed Because Defendants Provided Sufficient And Timely Notice To Ulico.**………………………………………………...20

*1.  The Notice Letter Gave Ulico Sufficient Notice.*………………………………21

*2.  The Notice Letter Gave Ulico Timely Notice.*………………………………..25

*3.  Ulico Still Has A Duty To Defend.*……………………………………………26

**D.  Ulico's Eighth Affirmative Defense (Failure To Meet Conditions Precedent) Must Be Dismissed And Defendants Must Be Provided With A Defense Under The Policy Because The Policy's Conditions Precedent  Have  Been  Satisfied.**………………………………………………27

*1.  The First Condition Precedent (Notice).*………………………………………27

*2.  The Second Condition Precedent (Final Determination).*…………………………..28

*3.  The Third Condition Precedent (Reliance on Representations).*…………………..28

**E.  Third-Party Defendant's Tenth Affirmative Defense (Punitive Damages Exclusion) Should Be Dismissed As Moot.**………………………………………28

**F.  Ulico's Eleventh Affirmative Defense (Intentional Harm Exclusion) Should Be Stricken Because None Of The Plaintiffs Claims Falls  Within  That  Exclusion**………………………………………………29

**G.  Ulico's Twelfth Affirmative Defense (Failure To Give Notice During Policy Period) Should Be Dismissed As Contrary To  The  Undisputed  Facts.**………………………………………………...30

**H.  Ulico's Thirteenth Affirmative Defense (Lack Of Coverage For Claims Expenses) Should Be Stricken Because The Policy Covers Claims Expenses.**……...31

**I.  Ulico's Fourteenth Affirmative Defense Must Be Dismissed And Defendants Must Be Provided With A Defense Under The Policy Because None Of The Plaintiffs Claims Falls Within The Willful Or Reckless Violation Of  Any  Statute  Exclusion.**………………………………………………32

**J.   Fifteenth Affirmative Defense Of The Third-Party Defendant Must Be Dismissed And Defendants Must Be Provided With A Defense Under The Policy Because None Of The Plaintiffs Claims Falls Within The Policy's Exclusion Of Liability Of Others.**…………………………………33

**K.  Ulico's Seventeenth Affirmative Defense Should Be Dismissed Because The "Known Risk" Doctrine Is Not Recognized In This Jurisdiction.**……………...33

**L.  Ulico's Nineteenth Affirmative Defense (Material Representations) Should Be Dismissed As without Factual Basis.**………………………………………34

**CONCLUSION**  …...…………………………………………………………………35

<u>**PRELIMINARY STATEMENT**</u>

Defendants/Third-Party Plaintiffs Terrence L. Bodewes, Thomas Herr, James Biddle, Sr., and George Ferraro [herein "Defendants"] respectfully submit this Memorandum of Law in opposition to the summary judgment motion submitted by Third-Party Defendant Ulico Casualty Company [herein "Ulico"], and in support of Defendants' cross-motion for summary judgment. Presently, Defendants seek entry of an Order: (1) denying Ulico's summary judgment motion; (2) granting Defendants' summary judgment motion; (3) ordering Ulico to assume Defendants' defense relative to the claims asserted in the underlying litigation, entitled <u>Curtis Zamerski <i>et al.</i> v. Terrence L. Bodewes <i>et al.</i></u>, Civil Action Number 00-CV-0065C [herein "the Action"]; and (4) ordering Ulico to reimburse Defendants for all attorneys' fees and costs they have incurred in their defense of the Action.

On January 19, 2000, Plaintiffs Curtis Zamerski and Richard Kohl [herein "Plaintiffs"] commenced the Action seeking legal and equitable relief for, among other things, alleged breaches of fiduciary duty under ERISA. <i>See generally</i> <u>Plaintiffs' Complaint</u> ¶¶1-6. The original Complaint was amended by an Amended Complaint, dated April 12, 2000, and again by the Second Amended Complaint, dated April 3, 2003. Plaintiffs Curtis Zamerski and Richard Kohl are carpenters who are participants in the Pension Fund. Former Plaintiff Thomas Burke, a current trustee of the Plan, originally was joined as a plaintiff in the Action. Defendants in the Action, other than former co-defendant The Segal Company [herein "Segal"], are current or former trustees of the Buffalo Carpenters Health Care Premium Benefit, Annuity & Pension Funds [herein "the Plan"].

The Complaint alleges that Defendants breached their fiduciary duties to the Plan and, with the Plan's actuary, Segal, were responsible for the Plan's economic demise. Plaintiffs settled their claims against Segal in 2002 and, following conclusion of that settlement, Burke withdrew as a plaintiff in this

action.[1]  As a result of Segal's settlement, the Court granted Segal's motion to dismiss all cross-claims against Segal and Segal was dismissed from the Action.

After Defendants timely submitted notification of the Action, Ulico disclaimed coverage and denied any duty to defend the Defendants therein.  Defendants commenced a Third-Party Action against Ulico, seeking to enforce the terms of the Trustee and Fiduciary Liability Insurance Policy issued by Ulico [herein "the Policy"], insuring the Defendants against liability for actions taken by the Defendants as Trustees of the Plan.  In their Third-Party Action, Defendants seek to have Ulico assume Defendants' defense, to reimburse Defendants for all attorneys' fees and costs incurred by Defendants and to indemnify Defendants from any losses sustained by Defendants in the Action.

On November 25, 2003, Ulico moved for summary judgment, seeking dismissal of Defendants' Third-Party Complaint.  In conjunction with their response thereto, Defendants now cross-move for summary judgment.  Defendants seek a determination that Ulico, at a minimum, has a duty to defend Defendants in the Action and, second, that Ulico has an obligation to indemnify Defendants on all or several of the claims asserted against Defendants in the Action.  As set forth herein, no substantial issues of material fact exist and, therefore, Defendants are entitled to summary judgment declaring Ulico's duty to defend and indemnify Defendants in the Action, as a matter of law.

---

[1] Since Zamerski and Kohl had no privity with Segal, Defendants presume it was necessary to name Burke as a plaintiff in the action in order to properly state a claim against Segal.  Since Segal no longer is a party to the action, Burke was no longer a necessary party and withdrew.

## STATEMENT OF FACTS

Third-Party Defendant Ulico Casualty Company [herein "Ulico"] issued to the Buffalo Carpenters Health Care Premium Benefit, Annuity & Pension Funds [herein "the Plan"] a Trustee and Fiduciary Liability Insurance Policy [herein "the Policy"], that was effective from May 15, 1998 through July 10, 1999. *See* Ulico Casualty Company's Appendix to Local Rule 56.1 Statement of Material Facts [herein "Ulico's R.56 App."], **Tab 1**; *see also* Ulico Casualty Company's Local Rule 56.1 Statement of Material Facts [herein "Ulico's R.56 Stmt."], ¶1. The Policy's Claims Made Extension Clause provides as follows:

> If during the Policy Period the insured gives written notice to [Ulico] of an act or omission which the insured first believes may subsequently result in a claim against him for which coverage would otherwise be afforded, then, any claim which is, in fact, subsequently made against the Insured for such act or omission shall be deemed to have been first made against the Insured during the Policy Period.

*See* Ulico's R.56 App., **Tab 1**, Sec. III.

Pursuant to that clause, by letter to Ulico dated May 14, 1999 [herein "the Notice Letter"], Owen Rumelt, as special counsel to the Trustees of the Plan, gave Ulico formal written notice that "a claim, or claims, will be made" against the Trustees for alleged breaches of their fiduciary duty, based on the facts and circumstances generally detailed in that correspondence. *See* Ulico's R.56 App., **Tab 24**. Thereafter, Ulico issued several pieces of correspondence notifying Defendants that they would not provide coverage for the claims asserted by Plaintiffs. *See* Ulico's R.56 App., **Tabs 25, 26, 35, 36, and 41**.

On January 19, 2000, Plaintiffs commenced the Action in this Court alleging, as described in the Notice letter, that the Defendants had breached their fiduciary duty to the Plan, pursuant to ERISA. *See* Ulico's R.56 App., **Tab 27**. Upon receipt of the Summons and Complaint, each of the Defendant Trustees complied with the Policy by providing Ulico with notice of the litigation commenced by Plaintiffs, and requesting that Ulico assume Defendants' defense in that action. *See* Ulico's R.56 App.,

**Tabs 30-34**.  By correspondence dated February 28 and May 2, 2000, Ulico declined to assume the defense of any of the Defendants relative to the action commenced by Plaintiffs. *See* Ulico's R.56 App., **Tabs 35-36**.   Thereafter, each of the Defendant Trustees commenced a declaratory judgment action against Ulico, seeking a defense and coverage under the Policy it had issued. *See* Ulico's R.56 App., **Tabs 37-41**.

During the litigation of Defendants' claim against Ulico, Defendants George Ferraro and James Biddle, Sr. served interrogatories on Ulico.  Ulico responded to these interrogatories on March 30, 2001. *See* Affidavit of R. Scott DeLuca, Esq., sworn to January 30, 2004 [herein "DeLuca Aff."], **Exhibit A**.  As part of the preparation of Defendants' cross-motion for summary judgment, Defendants requested that Ulico voluntarily withdraw several of its nineteen affirmative defenses asserted in its various Answers to the Defendants/Third-Party Plaintiffs Third-Party Complaints.  In response to that request, Ulico agreed voluntarily to withdraw its First, Second, Third, Fourth and Eighteenth Affirmative Defenses. *See* Affidavit of Mark A. Costello, Esq., sworn to January 30, 2004 [herein "Costello Aff."], **Exhibit A**.

On or about November 25, 2003, Ulico moved for summary judgment in this action seeking dismissal of Defendants' Third-Party Complaint.  Even though Ulico has asserted nineteen affirmative defenses, Ulico's summary judgment motion is based on two of those affirmative defenses.

Defendants now cross-move for summary judgment, seeking an Order denying Ulico's summary judgment motion, granting Defendants request that each of Ulico's affirmative defenses be stricken from its Answers to the Third-Party Complaints, ordering Ulico to assume Defendants' defense in the Action, and requiring that Ulico reimburse Defendants for all attorneys' fees and costs they have incurred in their defense of the Action.

<u>A</u>RGUMENT

**POINT I**

**THE PURPOSE OF THE POLICY IS TO INSURE DEFENDANTS AGAINST ALLEGED FIDUCIARY BREACHES. ULICO'S INTERPRETATION OF THE POLICY RENDERS IT MEANINGLESS.   POINT I OF ULICO'S MOTION FOR SUMMARY JUDGMENT SHOULD BE REJECTED AS MERITLESS AND ULICO'S NINTH AFFIRMATIVE DEFENSE (INSURED VERSUS INSURED EXCLUSION) SHOULD BE STRICKEN.**

ERISA creates two primary causes of action for a plan participant:  one for unpaid benefits, ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B), and one for breaches of fiduciary duty.  ERISA §409 and ERISA §502(a)(2), 29 U.S.C. §1109 and 29 U.S.C. §1132(a)(2).  An unpaid benefits claim is akin to a breach of contract action.  For example, a benefits plan owes a participant certain monies and fails to pay the amount owed.  If the participant prevails in a failure to pay benefits action, he receives a personal judgment against that plan for the amount owed.  In a breach of fiduciary action claim, a benefits plan participant sues the plan alleging that trustees of the plan have breached their fiduciary obligations to the plan and that <u>the plan</u> has been damaged.   By law, breach of fiduciary duty claims must be asserted on behalf of or for the benefit of a plan; there is no right to personal recovery under an ERISA breach of fiduciary duties claim. ERISA §409, 29 U.S.C. §1109[2]; <u>Massachusetts Mutual Life Insurance Co. v. Russell</u>, 473 U.S. 134 (1985); <u>Owen v. Soundview Financial Group</u>, 208 F.3d. 203 (2nd Cir. 2000).  The case at bar sets forth claims alleging only breaches of fiduciary duty and the plaintiffs seek to recover a judgment on behalf of the Plan, as that is their **only** remedy by law. <u>Id.</u>

---

[2]  Section 1109 provides that all recoveries for breaches of fiduciary duty <u>must</u> be paid to the Plan:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations or duties imposed upon fiduciaries by this title shall be personally liable *to make good to such plan* any losses *to the plan* resulting from such breach . . .

29 U.S.C. §1109 (emphasis added).

The Ulico Trustee and Fiduciary Liability Insurance Policy at issue [herein "the Policy"] is a fiduciary policy, insuring the Defendant Trustees *solely* for claims made against them for alleged breaches of fiduciary duty.  *See* Ulico Casualty Company's Appendix to Local Rule 56.1 Statement of Material Facts [herein "Ulico's R.56 App."], **Tab 1**.  The Policy states in Section I that it insures the Trustees of the Plan against losses incurred as a result of "any Wrongful Act".  *See* Ulico's R.56 App., **Tab 1**, Sec. I.  The Policy defines "Wrongful Act" as

> any actual or alleged error or omission or breach of duty committed or alleged to have been committed by the Insureds, either jointly or severally, *in the discharge of their fiduciary duties*, obligations, or responsibilities, including the violation of any Federal fiduciary standards.

*See* Ulico's R.56 App., **Tab 1**, Sec. II(e) (emphasis added).[3]  Ulico, however, has asserted in this action (as their Ninth Affirmative Defense and as Point I of their Motion for Summary Judgment) that because the fiduciary claims made are asserted on behalf of the Plan, the claims are effectively made by the Plan against the Plan and such a claim violates the "insured versus insured" exclusion set forth in the policy.  As discussed herein, Ulico's interpretation of the contract either renders the Policy meaningless or violates Ulico's duty to defend, or both, and Ulico's motion for summary judgment on this point should be denied and its Ninth Affirmative Defense on this same point should be stricken.

### A.   A Contract May Not Be Interpreted In Such A Way As To Render It Meaningless.

"Under traditional rules of contract interpretation, a provision may not be interpreted in a manner which would render it an absurdity" or "meaningless."  Saffire Corporation v. Newkidco, LLC, 286 F. Supp. 2d 302, 308 (S.D.N.Y. 2003) (*citing* Galli v. Metz, 973 F.2d 145, 149 (2nd Cir. 1992); Garza v. Marine Transport Lines, Inc., 861 F.2d 23, 27 (2nd Cir. 1988)).  "Under New York Law, a

---

[3]  The Policy defines "Insureds" as "the Trustees (including Past and Future) of the Trust. . . ."  *See* Ulico's R.56 App., **Tab 1**, Sec. II(d).

court should avoid construing a contractual provision in a manner that renders contractual language meaningless or superfluous." Eastman Kodak Company v. STWB, Inc., 232 F. Supp. 2d 74, 91 (S.D.N.Y. 2002) (*citing* Two Guys from Harrison-NY, Inc. v. S.F.R. Realty Assocs., 482 N.Y.S.2d 465, 468 (N.Y. 1982)).  In Point I of its Memorandum of Law in support of its Motion for Summary Judgment, Ulico makes the absurd argument that because Plaintiffs have asserted their claims on behalf of the Plan, the claims against the Defendants, as Trustees of the Plan, run afoul of the "insured versus insured" exclusion of the Policy.[4]  Since, by law, all fiduciary claims must be made on behalf of a plan[5], if we apply Ulico's interpretation of the insured versus insured exclusion, *all* fiduciary claims must be excluded from coverage under the Policy.  Furthermore, since Ulico's Policy is written **solely** to cover fiduciary claims, the entire Policy is rendered meaningless if Ulico's argument is accepted.  For this reason, Ulico's interpretation must be rejected as absurd and offered in bad faith.

### B.      Insurance Contracts Are Construed Strictly Against The Insurer.

Insurance contracts in New York are construed strictly against the insurer.  *See, e.g.,* United States Fidelity & Guaranty Co. v. Annunziata, 501 N.Y.S.2d 790, 791 (N.Y. 1986).  "Under New

---

[4]  Endorsement No. 2 of the Policy (upon which Ulico relies) states:

> It is understood and agreed that coverage, as provided hereunder specifically excludes any claim or allegation which, directly or indirectly; in whole or in part, arises out of any assertions allegations, causes of action or demands whatsoever by or on behalf of an Insured or Insureds under this Certificate against another Insured or Insureds hereunder.

*See* Ulico's R.56 App., **Tab 1**, Endorsement No. 2.

[5]  Zamerski and Kohl stated claims in their capacities as participants in the Plan, but not in the name of the Plan.  Burke, a former plaintiff, stated his claim as a participant and as a trustee; the Plan is not a named party in this action.  *See* Caption of Complaint, Amended Complaint, and Second Amended Complaint.

York law, any exclusion from coverage must be specific and clear and exclusions 'are not to be extended by interpretation or implication.'" In re County Seat Stores, Inc., 280 B.R. 319, 324 (Bankr. Ct., S.D.N.Y. 2002)  (*citing* Seaboard Surety Co. v. Gillette Co., 486 N.Y.S.2d 873, 876 (N.Y. 1984)).  In the case at bar, Ulico employs a tortured interpretation to extend application of the insured versus insured exclusion[6] so that it would apply to all fiduciary claims, render the insurance policy meaningless and the Policy between the insurer and insureds illusory.  The argument that Ulico advances on this point is based on an ***interpretation*** of the Policy; interpretations, as noted above, are not permitted and must be construed against an insurance carrier. Id.  Moreover, the interpretation which Ulico advances not only is not clear from the face of the Policy, it is absurd.  An exclusion intended to protect Ulico from potentially collusive litigation, Ulico, through an expansive interpretation of the language of the exclusion, would extend it to preclude all fiduciary claims.  The language of the exclusion in question fails to clearly eliminate all fiduciary coverage (as such would be contrary to the purpose of the Policy) and, failing to do so clearly and unequivocally, the language must be construed against Ulico and fiduciary claims asserted in the manner required by law must be considered claims covered by the Policy.  For this reason, and the reasons articulated above in this Point, Ulico's argument must fail as unfounded.

### C.      The Duty To Defend Is Broad.

Ulico next notes that a current trustee of the Plan, Thomas Burke [herein "Burke"], was joined but later was dropped as a plaintiff in this action.  Although not fully developed in their legal argument, Ulico asserts that, by joining Burke as one of the plaintiffs in the action, the Defendants for this reason,

---

[6] The purpose of the insured versus insured exclusion in insurance policies is to prevent against collusive lawsuits staged merely to collect on insurance proceeds. *See, e.g.,* In re County Seat Stores, Inc., 280 B.R. at 324.

too, run afoul of the insured versus insured exclusion.[7]  As discussed herein, however, Ulico's obligation to defend the trustees is broad and arises even if excluded claims are joined with covered claims and issues of liability cannot be sorted out at this juncture of the proceeding.

The New York Court of Appeals in 2002 reconfirmed the well-established rule in New York that insurance policies are to be broadly construed to require an insurance company to defend an insured:

> The duty to defend is broader than the duty to indemnify [internal citations omitted].  An insurer's duty to defend arises whenever the allegations in a Complaint state a cause of action that gives rise to a reasonable possibility of recovery under the Policy [internal citations omitted].

Town of Massena v. Healthcare Underwriters Mut. Ins. Co., 749 N.Y.S.2d 456, 459 (N.Y. 2002); *see also*, Continental Cas. Co. v. Rapid-American Corp., 593 N.Y.S.2d 966, 969 (N.Y. 1993); Fitzpatrick v. American Honda Motor Co., 571 N.Y.S.2d 672, 673-74 (N.Y. 1991); Lefrak Organization, Inc. v. Chubb Custom Ins. Co., 942 F. Supp. 949, 951 (S.D.N.Y. 1996) (holding that the duty to defend is "exceedingly broad" and that a court must hold in favor of an insured when the allegations of the complaint suggest a "reasonable possibility of coverage") (*citing* Colon v Aetna Life Ins. & Cas. Ins. Co., 494 N.Y.S.2d 688, 689 (N.Y. 1985)).  Expanding upon the tenet that an insurer's duty to defend is broad, the New York Court of Appeals has further held that an insurance company cannot shirk this duty through hairsplitting contract interpretation:

> If the allegations of the Complaint are **even potentially within** the language of the insurance policy, there is a duty to defend.

Town of Massena, 749 N.Y.S.2d at 459 (*citing* Technicon Electronics Corp. v. American Home Assur. Co., 544 N.Y.S.2d 531, 533 (N.Y. 1989); Ruder & Finn v. Seaboard Sur. Co., 439 N.Y.S.2d 858, 861 (N.Y. 1981); Frontier Insulation Constrs. v. Merchants Mut. Ins. Co., 667 N.Y.S.2d 982,

---

[7]  The "insured versus insured exclusion" is also interposed as Ulico's Ninth Affirmative Defense.

984 (N.Y. 1997)) (emphasis added); *see also*, <u>Graphic Arts Retirement Ins. Co. v. Abrams</u>, 767 N.Y.S. 2d 733, 733-34 (4th Dep't 2003).

The Policy covers trustees (past and present) against claims of fiduciary breaches. The Plaintiffs in this action seek damages against the Defendants for alleged fiduciary breaches. The claims made, therefore, fall squarely within the ambit of risks Ulico agreed to cover in the Policy.

### 1.  *There Is A Duty To Defend Whenever Any Claims Arise From Covered Events.*

"If any of the claims against [an] insured arguably arise from covered events, the insurer is required to defend the **entire action**." <u>Town of Massena</u>, 749 N.Y.S.2d at 459 (emphasis added). In the case at bar, Curtis Zamerski ("Zamerski") and Richard Kohl ("Kohl"), two participants in the Plan, joined as plaintiffs in this action. Zamerski and Kohl, mere participants in the Plan, do not fall within the definition of "Insured" under the Policy (see Section II (d) of the Policy), so claims by Zamerski and Kohl clearly are claims intended to be covered by the Policy.[8] Since Mr. Burke[9] is a trustee of the Plan and originally was joined as a plaintiff in this action, Ulico contends that it is absolved of all obligations to defend the trustees in this action. Zamerski's and Kohl's claims, however, are covered claims and regardless of whether claims by former plaintiff Burke were deemed excluded, Ulico has an unequivocal obligation to defend the entire action.

---

[8]  To circumvent the problem posed by Zamerski and Kohl claims, Ulico relies on its argument that Zamerski and Kohl's claims are asserted on behalf of the Plan and, therefore, are in the nature of an insured versus insured claim.  (As discussed above in Point I, such a claim renders the Policy meaningless and cannot reasonably be asserted good faith.)

[9]  As noted above, following the dismissal of Segal from the action, Burke withdrew as a plaintiff in the case.

2.      *The Duty To Defend Arises Even If Excluded Claims are Joined In The Action.*

The New York Court of Appeals in Town of Massena held that an insurance carrier is not relieved of its duty to defend simply because excluded claims are joined with claims that otherwise would give rise to a carrier's duty to defend:

> 'the duty to defend arises whenever the allegations in the Complaint against the insured fall within the scope of the risks undertaken by the insurer . . . [and it is immaterial] that the Complaint against the insured asserts additional claims which fall outside of the policy's general coverage or within its exclusionary provisions.

Town of Massena, 749 N.Y.S.2d at 459 (*citing* Frontier Insulation Constrs. v. Merchants Mut. Ins. Co., 667 N.Y.S.2d 982, 984 (N.Y. 1997)).

In the case at bar, the claims by Zamerski and Kohl constitute covered claims under the Policy and Ulico has an unequivocal obligation to defend them.  Ulico, however, asserts that since Burke's claim against Defendants (allegedly) falls within the insured versus insured exclusion under the Policy, that Burke's presence as a Plaintiff taints the entire pool of Plaintiffs.  Burke's presence as a Plaintiff, Ulico concludes, relieves Ulico of its obligation to defend even claims by Zamerski and Kohl, whose claims fall squarely within Ulico's obligations under the Policy.  Ulico's position, however, is undermined by the Town of Massena decision.  If any excluded claims are joined with covered claims an insurer is obligated to defend all claims. Town of Massena, 749 N.Y.S.2d at 459.  Given the clear pronouncement of the New York Court on this issue, Ulico's exclusion argument should be stricken as contrary to law.

3.      *The Duty To Defend Arises Based on the Four Corners of Plaintiffs' Pleadings.*

The duty to defend an action arises based on the allegations contained within the four corners of the complaint. The New York Court of Appeals has repeatedly held that "a liability insurer has a duty to defend its insured in a pending lawsuit if **the pleadings allege a covered occurrence**,

even though facts outside the four corners of those pleadings indicate that the claim may be meritless or not covered." Fitzpatrick v. American Honda Motor Co., Inc., 571 N.Y.S.2d 672, 672-74 (1991) (*citing* Ruder & Finn v. Seaboard Sur. Co., 439 N.Y.S.2d 858, 861-62 (1981); Technicon Electronics Corp. v. American Home Assur. Co., 544 N.Y.S.2d 531, 533 (1989); Meyers & Sons Corp. v. Zurich Am. Ins. Group, 546 N.Y.S.2d 818, 820 (1989); Servidone Constr. Corp. v. Security Ins. Co., 488 N.Y.S.2d 139, 142 (1985)) (emphasis added).

Plaintiffs' Complaint, Amended Complaint and Second Amended Complaint in this action undoubtedly assert claims that are covered by the Ulico Policy.  Accordingly, Ulico has a duty to defend against the claims asserted by Plaintiffs.

### 4.      *Burke No Longer Is A Plaintiff In This Action.*

Following plaintiffs' settlement with Segal, Burke withdrew as a plaintiff in the Action, which means that claims potentially excluded by the insured versus insured exclusion no longer are even joined with covered claims.  Plaintiffs assert that, despite Burke's withdrawal, the character of the action has not changed, this is still an insured versus insured action because the Plaintiffs have asserted their claims on behalf of the Plan.  As discussed at length above[10], Ulico's argument on this point negates all coverage under the Policy and cannot be asserted in good faith.  Once Burke ceased to participate as a plaintiff in this action, any basis for Ulico to assert the exclusion disappeared.  For this reason, too, Point I of Ulico's Memorandum of Law in support of its Motion for Summary Judgment should be dismissed as wholly without merit and Ulico's Ninth Affirmative Defense, similarly, should be stricken.

---

[10] *See* Point I (A) and (B), *supra*.

**POINT II**

**ULICO'S SUMMARY JUDGMENT MOTION MUST BE DENIED BECAUSE THE *SIXTEENTH* AFFIRMATIVE DEFENSE PRESENTS NO IMPEDIMENT TO DEFENDANTS' DEMAND THAT ULICO ASSUME DEFENDANTS' DEFENSE IN THIS ACTION.**

Ulico asserts as its Sixteenth Affirmative Defense that it need not provide any defense or indemnification under the Policy because Plaintiffs' Second Amended Complaint includes allegations regarding insufficient contributions to the Plan.  This claim must fail because not all of Plaintiffs' claims involve allegations regarding insufficient contributions to the Plan.   Indeed, given that the Second Amended Complaint asserts several claims that do not involve insufficient contributions, it is clear that Ulico has a broader duty to defend the entire action.

The Policy exclusion relied upon by Ulico provides:

> It is understood and agreed that coverage as provided hereunder shall not apply to any claim or allegation which directly or indirectly arises out of the bankruptcy, insolvency or inability of the Trust Fund to pay benefits *due to insufficient contributions*.

*See* <u>Ulico's R.56 App.</u>, Tab 1, Endorsement No. 4 (emphasis added).  This exclusion apparently means that if the Plan fails to apply hourly contribution rates that generate sufficient revenues to pay benefits under the Plan, any claims alleging insufficient contributions would be excluded.  In this matter, the exclusion presents no impediment to Defendants' demand that Ulico assume their defense in this action and, ultimately, presents no meaningful defense to Ulico's obligation to indemnify Defendants with regard to most of the claims asserted in Plaintiffs' Second Amended Complaint.

As discussed above, it is axiomatic that Ulico has a broader duty to defend Defendants with regard to all of the claims asserted in the Complaint, even if some of the claims may be excluded from indemnity coverage.  *See* <u>Point I</u>, *supra* (*citing* <u>Town of Massena v. Healthcare Underwriters Mutual Ins. Co.</u>, 749 N.Y.S.2d at 459).   In <u>Town of Massena</u>, the New York Court of Appeals

13

unambiguously held that "[i]f *any* of the claims against [an] insured arguably arise from covered events, *the insurer is required to defend the entire action*." 749 N.Y.S.2d at 459 (emphasis added).

Ulico cannot dispute that several of the claims asserted in Plaintiffs' Second Amended Complaint do *not* involve claims regarding insufficient contributions to the Plan. Clearly, Plaintiffs have asserted Fund mismanagement allegations involving breach of fiduciary duty, as well as allegations involving the Defendant Trustees failure to properly manage the Plan's investments. *See* Second Amended Complaint ¶¶52-63. In fact, Plaintiffs have filed a summary judgment motion with this Court arguing that Defendant Trustees "breached their fiduciary duties with regard to the investment of the Plan's assets by (a) failing to act in accordance with the 'prudent man' standards of ERISA Section 404(a)(1)(B), 29 U.S.C. §1104(a)(1)(B) and (b) failing to diversify the investment of the Plan's assets, as required under ERISA Section 404(a)(1)(C), 29 U.S.C. §1104(a)(1)(C)" *See* Declaration of Owen M. Rumelt in Support of Plaintiffs' Motion for Partial Summary Judgment, dated October 14, 2003, ¶5. The basis for Plaintiffs' motion, therefore, is not that the Trustees failed to collect sufficient funds, but that the Trustees failed to properly manage the funds it had collected. Thus, Ulico clearly owes Defendants a duty to defend. Ulico cannot dispute that, even if the Plan had received sufficient contributions and was well-funded, the Plan would still have faced the other allegations contained in the Second Amended Complaint (such as the claims made in Plaintiffs' summary judgment motion), which are unrelated to the sufficiency of contributions collected by the Trustees. In the event that Plaintiffs prevail relative to their pending motion for summary judgment, Ulico should be made to indemnify Defendants since Plaintiffs' claim falls squarely within the realm of protection the Policy is intended to afford its insureds.

In addition to Plaintiffs' pending summary judgment motion relative to Plaintiffs' fourth claim for relief, an examination of the four corners of Plaintiffs' Second Amended Complaint[11] conclusively

---

[11] *See* Point I(C)(3), *supra*.

demonstrates that several of the other claims for relief do not fall within the insufficient contribution exclusion.  Consider the following claims for relief set forth in the Second Amended Complaint:

> _First Claim for Relief_ —Plaintiffs allege that "[a]lthough the assumptions in the annual valuations prepared by the Plan's actuary were routinely inaccurate, they were accepted without any challenge by Defendant Trustees."  _See_ Second Amended Complaint ¶53.  Indeed, Plaintiffs have alleged that Defendant Trustees' misfeasance regarding the Plan's actuarial valuation and the Trustees' annual evaluation is a violation of "the prudent person standard of care under the fiduciary duty provisions of ERISA."  _See_ Second Amended Complaint ¶54 (_citing_ 29 U.S.C. §1004(a)(1)(B)).

Ulico has characterized this claim for relief as "failure to review, verify, and make adjustments for inaccurate actuarial information provided by the Segal Company in its annual Fund valuation reports."  _See_ Ulico Casualty Company's Local Rule 56.1 Statement of Material Facts [herein 'Ulico's R.56 Stmt."], ¶13.  As such, Ulico cannot reasonably dispute that Plaintiffs' first claim for relief has absolutely nothing to do with the sufficiency of the contributions made to the Plan, and relates solely to the Trustees' alleged failure to properly oversee the Plan's actuaries and their assumptions.  Therefore, Ulico cannot satisfy its burden of proving that this claim is excluded from coverage under the Policy endorsement regarding insufficient contributions.

> _Second Claim for Relief_—Plaintiffs allege that the Defendants did not properly monitor the financial status of the Plan.  _See_ Second Amended Complaint ¶56.  As part of this claim, Plaintiffs have asserted that Defendant Trustees did not properly monitor the Pension Fund's funding ratio, credit balance, and the continued actuarial losses.  _See_ Second Amended Complaint ¶56.  Plaintiffs' Second Amended Complaint concluded that the Defendant Trustees "failure to properly monitor the condition of the Pension Fund constitutes a breach of the prudent person standard of care under the fiduciary duty provisions of ERISA."  _See_ Second Amended Complaint ¶57 (_citing_ 29 U.S.C. §1004(a)(1)(B)).

Ulico has characterized this claim for relief as an allegation that the Trustees failed "to adequately

monitor conditions of the Fund itself." *See* <u>Affidavit of R. Scott DeLuca, Esq.</u>, sworn to January 30, 2004 [herein "<u>DeLuca Aff.</u>"], **Exhibit A**, p.12 (Response No. 17); *see also*, <u>Ulico's R.56 Stmt.</u>, ¶13. Clearly, the Trustees' alleged failure to monitor the Plan's condition does not relate to the sufficiency of the contributions to the Plan.  Thus, the insufficiency exclusion cannot result in a disclaimer of coverage relative to this claim for relief.

   *Third Claim for Relief*—This claim arises from the Trustees' alleged increases and improvements in the benefits that were paid to participants in the Plan. *See* <u>Second Amended Complaint</u> ¶¶59-61.  The Second Amended Complaint alleges that the Trustees breached their fiduciary duty by instituting benefit increases even though the Plan "was regularly experiencing actuarial losses, the Funded Ratio was dangerously law, the credit balance was declining," and the Plan was having difficulty satisfying ERISA's minimum funding requirements. *See* <u>Second Amended Complaint</u> ¶¶60-61.  This claim has been characterized by Ulico as "failure to consider the financial condition of the Fund when implementing pension benefit improvements between the years 1983 and 1998." *See* <u>Ulico's R.56 Stmt.</u>, ¶13.  The third claim for relief, therefore, does not allege that the Plan could not pay benefits because of insufficient contributions; it sets forth an allegation that the Trustees adopted benefit increases without properly monitoring the Plan's financial status.  Moreover, the four corners of the Second Amended Complaint (and the third claim for relief in particular) do not include allegations that would permit Ulico to disclaim all coverage under the Policy based on the "insufficient contributions" exclusion.  Thus, Ulico must provide Defendant Trustees with a defense under the terms of the Policy and may not rely on the application of the "insufficient contributions" exclusion to the third claim for relief to disclaim *all* coverage under the Policy.

   *Fourth Claim for Relief*—Plaintiffs allege in their fourth claim for relief that the Defendant Trustees did not properly oversee the Plan's investments. *See* <u>Second Amended Complaint</u> ¶63. This is the subject of Plaintiffs' pending motion for summary judgment and, as discussed above,

does not involve any allegations that the Defendants failed to collect sufficient contributions for the Plan. Thus, Ulico cannot meet its burden of proving that the fourth claim for relief is excluded from coverage under the Policy based on the insufficient contribution exclusion.

        *Fifth Claim for Relief*— Plaintiffs allege in their fifth claim for relief that the Defendants "failed to implement any collection or delinquency policy and/or guidelines," and, thereby breached their fiduciary duty under ERISA §404(a)(1)(B), as amended, 29 U.S.C. §1104(a)(1)(B). *See* <u>Second Amended Complaint</u> ¶65. This claim directly relates to the Defendants' alleged failure to implement a policy and does not relate to the sufficiency of employer contributions or the Plan's ability to pay benefits. Given that this claim involves an alleged failure to implement a policy, and does not allege that Defendants failed to collect sufficient contributions (as alleged in the sixth claim for relief, *see below*), the insufficient contribution exclusion does not allow Ulico to disclaim coverage regarding this claim. Accordingly, Ulico must provide Defendants with a defense and indemnification regarding the fifth claim for relief.

        *Sixth Claim for Relief*— Defendants concede that the sixth claim for relief asserts that the Trustees did not take actions to collect money from delinquent employers, and relates to the sufficiency of the contributions received by the Plan. *See* <u>Second Amended Complaint</u> ¶67. Accordingly, Defendants concede that Ulico may not have a duty to provide indemnification for this claim. However, it is nevertheless clear that Ulico still has a duty to provide Defendants with a defense regarding all of the claims asserted in the Action commenced by Plaintiffs. *See* <u>Town of Massena</u>, 749 N.Y.S.2d at 459 (holding that "[i]f ***any*** of the claims against [an] insured arguably arise from covered events, ***the insurer is required to defend the entire action***").

        Ultimately, it is clear that only one of the six claims asserted in Plaintiffs' Second Amended Complaint involves allegations of insufficient contributions. Therefore, this Court must conclude that

Ulico, at a minimum, has a duty to defend the Defendant Trustees with regard to all of the allegations asserted in Plaintiffs' Second Amended Complaint.

<u>**POINT III**</u>

**ULICO'S AFFIRMATIVE DEFENSES EITHER SHOULD BE STRICKEN OR PRESENT NO IMPEDIMENT TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT.**

Ulico's Answer to Defendants' Third-Party Complaint sets forth nineteen affirmative defenses. Ulico, by stipulation with counsel for Defendants, has agreed voluntarily to withdraw its First, Second, Third, Fourth, and Eighteenth Affirmative Defenses. *See* <u>Affidavit of Mark A. Costello</u>, sworn to January 30, 2004 [herein "<u>Costello Aff.</u>"], **Exhibit A**.  Ulico's Ninth Affirmative Defense (the "insured versus insured" exclusion), presented as a basis for Ulico's pending motion for summary judgment, is discussed above in Point I and, for the reasons set forth in that Point, should be stricken as wholly without merit and asserted in bad faith.  Ulico's Sixteenth Affirmative Defense (the "insufficient contributions" exclusion), presented as a second basis for Ulico's pending motion for summary judgment, is discussed above in Point II and, for the reasons set forth in that Point, should be stricken as wholly without merit.  Discussed below are Ulico's remaining affirmative defenses; each affirmative defense, for the reasons set forth herein, is without merit and should be stricken.

**A.    <u>Ulico's Fifth Affirmative Defense (Misjoinder) Should Be Stricken.</u>**

Ulico asserts as its Fifth Affirmative Defense that Defendants have improperly joined Ulico in the main Action.  By Order of this Court, entered May 18, 2001, the Third-Party Action against Ulico was severed from the Action commenced by Plaintiffs, so the issue of misjoinder is moot.  Further, even if Third-Party Action had not yet been severed, "the appropriate remedy for misjoinder is severance of the plaintiffs' claims." <u>Gavenda v. Orleans County</u>, 1997 WL 662353, at *2 (W.D.NY. Oct. 24, 1997).  *See also*, Fed. R. Civ. P. 20(a), 21; <u>Glendora v. Malone</u>, 917 F. Supp. 224, 227 n.3 (S.D.N.Y. 1996) ("misjoinder is not grounds for dismissal of the entire action").  Ulico's claims have been severed and, accordingly, Ulico's Fifth Affirmative Defense should be stricken as moot and, even if ripe, of no consequence to Defendants' request that Ulico undertake the defense of the Action.

**B.     Ulico's Sixth Affirmative Defense (Severance) Must Be Dismissed And Defendants Must Be Provided With A Defense Because The Third Party Claims Were Properly Presented And/Or The Action Has Been Properly Severed.**

Ulico, raises as a Sixth Affirmative Defense that the third-party claims and/or causes of action were improperly presented before the Court and the Third-Party Action should be severed from the principal Action. *See* Answer to Third Party Complaint of James Biddle, Sr. and George Ferraro, ¶13; Answer to Third Party Claim of Thomas Herr, ¶11; Answer to Third Party Claim of Terrence L. Bodewes, James Maloney and Ernest Bouchard, ¶12.   By Order of this Court, granted May 16, 2001, and entered May 18, 2001, the Third-Party Action against Ulico was severed from the Action commenced by Plaintiffs.   The relief requested by Ulico in its Sixth Affirmative Defense, therefore, has been granted, is therefore moot, raises only a procedural issue and presents no impediment to the relief Defendants seek in this motion.

**C.     Ulico's Seventh Affirmative Defense (Insufficient Notice) Should Be Dismissed Because Defendants Provided Sufficient And Timely Notice To Ulico.**

Ulico alleges as its Seventh Affirmative Defense that Ulico was not provided with sufficient notice under the terms of the Policy and, for that reason, need not provide Defendants coverage under the Policy.   For the reasons discussed herein, Ulico's Seventh Affirmative Defense should be stricken.

Ulico has indicated that its Seventh Affirmative Defense is supported by two arguments. *See* DeLuca Aff., **Exhibit A**, pp.8-9 (Response No. 8 (referring to Response No. 6, Subd. (2) and (3)). First, Ulico asserts that it was not given sufficient notice of *all* claims that were to be asserted in the litigation commenced by Plaintiffs. *See* DeLuca Aff., **Exhibit A**, pp.4-5 (Response No. 6, Subd. (2)). Plaintiffs' counsel, by letter dated May 14, 1999 [herein "the Notice Letter"], however, gave Ulico notice of general and specific claims that were going to be (and were) asserted against the Defendants in the Action.   Ulico's claim that it was not given sufficient notice, therefore, is unfounded.   Second, Ulico

asserts that it was not given notice "as soon as practicable after the occurrence, as required by the policy." *See* DeLuca Aff., **Exhibit A**, p.5 (Response No. 6, Subd. (3)).  Ulico has also asserted as its Seventh Affirmative Defense that the Notice Letter was not submitted timely.  At this juncture we will merely note that the Plaintiffs in this action allege concealment and further allege that, as a result of that concealment, did not learn of the facts upon which this action was based until the period of limitations in which they were required to commence this action.  At the time Plaintiffs provided notice to Ulico, Defendants simultaneously with Ulico (or shortly thereafter) learned that Plaintiffs were investigating potential claims and intended to file claims against the Defendants.  Ulico, therefore, was given notice of the claims at the same time that Defendants learned of them.  Ulico's notice, for that reason, was immediate and its argument that it did not receive prompt notice, too, must fail as unfounded.

For the reasons set forth above and discussed in greater detail below, Ulico undisputedly received sufficient and timely notice regarding claims asserted in Plaintiffs' Complaint and, at a minimum, must provide a defense to the Defendants in the Action.

### 1. *The Notice Letter Gave Ulico Sufficient Notice.*

The Notice Letter gave notice to Ulico that Plaintiffs were conducting a broad and far-reaching investigation into "matters arising out of the decline in the Fund's financial status and other related issues." *See* Ulico's R.56 App., **Tab 24**.  Among other topics, the Notice Letter identifies "an apparent lack of general oversight of the Fund's affairs by the Trustees," and goes on to note that claims would be made regarding:

> assumptions utilized by the Trustees and the Fund's actuaries for funding purposes...consistent underestimation of the Fund's administrative costs, retirement age, turnover among employees, mortality and other participant experience resulting in continual actuarial losses and the projection of average retirement age and hours to be worked in the year (and, as a result, the amount of contributions to be made to the fund) which appears to have failed to take into account both present and expected conditions in the construction industry.

*See* Ulico's R.56 App., **Tab 24**.  The Notice Letter further put Ulico on notice that

> It is quite probable that the foregoing matters and the Trustees failure to properly supervise the Fund's operations, **as well as additional claims**, will result in the commencement of legal action against the responsible Trustees.

*See* Ulico's R.56 App., **Tab 24** (emphasis added).  Plaintiffs thereafter commenced the Action against Defendants and **all** of the grounds stated in the Notice Letter as potential claims ultimately were set forth in the Complaint filed by the Plaintiffs.

As a result of the Notice Letter, Ulico clearly was put on notice of the facts and circumstances that could raise any number of claims that would be covered under the Policy. [12]  The notice provided to Ulico, moreover, was sufficiently broad to permit Ulico to conduct its own investigation regarding all of the claims that were asserted in the Complaint.  Ulico, nevertheless asserts the notice was inadequate because it was not given notice of every nuance of every claim eventually stated in the Complaint:[13]

> the complaint includes claims not raised until the complaint was served, including claims based upon the Trustees' failure to implement collection guidelines and failure to collect contributions.  Notice was not provided to the carrier within the policy period for claims regarding acts or omissions which the insured believed might subsequently result in a

---

[12] That is all the notice provision in the Policy requires.

[13] Even if this Court were to determine that Ulico was given notice of all acts or omissions alleged in the complaint, it is clear that Ulico had notice of several of the claims actually asserted.  *See* Ulico's R.56 App., **Tab 24**.  Given that, Ulico still would have a duty to defend Defendants with regard to all of the claims actually asserted in the Complaint.  *See* Point I, *supra* (*citing* Town of Massena, 749 N.Y.S.2d at 459).  In Town of Massena, the New York Court of Appeals unambiguously held that "[i]f any of the claims against [an] insured arguably arise from covered events, ***the insurer is required to defend the entire action***." 749 N.Y.S.2d at 459 (emphasis added).

covered claim against it/them. As a result, there is not coverage for those alleged acts or omissions.

*See* DeLuca Aff., **Exhibit A** (Response No. 6, Subd. (2)).  Specifically, Ulico asserts that notice was not properly provided pursuant to the Policy's Claims Made Extension Clause [herein "Claims Made Clause"].  *See* DeLuca Aff., **Exhibit A** (Response No. 6, Subd. (2)).  The Claims Made Clause, however, states that as long as Ulico receives notice of an "act or omission,"[14] Ulico will be deemed to have notice of **ALL** claims which are based on that act or omission:

> [i]f during the Policy Period the insured gives written notice to the Company of an act or omission which the insured first believes may subsequently result in a claim against him for which coverage would otherwise be afforded, then, ***any claim*** which is, in fact, subsequently made against the Insured ***for such act or omission*** shall be deemed to have been first made against the Insured during the Policy Period.

*See* Ulico's R.56 App., **Tab 1**, Sec. III (emphasis added).  With respect to general notice required under the Policy, it provides the notice must be sufficient for Ulico to be able to gather information about the specifics of the alleged act or omission:

> In the event of an occurrence, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and **circumstances** thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the insured to the Company. . . .

*See* Ulico's R.56 App., **Tab 1**, Sec. VII(2)(a).[15]  The Policy, therefore, ***only*** requires notification of the ***circumstances*** that may result in a claim.

By way of the Notice Letter, Ulico was put on notice that Plaintiffs had alleged Defendants breached their fiduciary obligations through mismanagement of the Plan.  The Notice Letter went further and provided specific instances of mismanagement.  The Notice Letter also stated that the acts of mismanagement alleged were not meant to be a complete list of all the examples of purported

---

[14] The Policy does not define "act or omission."

[15] The Policy does not define "occurrence."

mismanagement by advising that the listed claims "as well as additional claims" might be asserted.  *See*

Ulico's R.56 App., **Tab 24**.  If Ulico's argument is correct, a notice letter which fails to mirror precisely

the specific factual allegations of a complaint could fail for insufficiency even if that notice letter gives

notice of the nature of the claims and detailed examples of the various bases on which a complaint will

be based.  Ulico's notice theory, however, sets an unwitting trap even for the most diligent insured and

would establish an unfair basis for an insurer to deny coverage of a claim of which it has very clear

notice.

Ulico's position, as discussed below, is completely inconsistent with law and, again,

does not appear to have been asserted in good faith.

> As a general rule, ***notice*** and proof ***requirements are liberally
> construed in favor of the insured*** [internal citations omitted].  [No]
> particular form of proof of loss is required as long as the proof
> submitted is sufficient to enable the insurer to consider its rights and
> liabilities [internal citations omitted].   Substantial and not strict
> compliance with the provision of such forms is all that is required.

Della Porta v. Hartford Fire Insurance Co., 500 N.Y.S.2d 831, 832 (3rd Dep't 1986) (quoting

Wachtel v. Equitable Life Assur. Soc. of the United States, 266 N.Y. 345, 351 (1935);  D.C.G.

Trucking Corp. v. Zurich Ins. Co., 440 N.Y.S.2d 74, 75-76 (3rd Dep't 1981); P.S. Auctions, Inc. v.

Exchange Mut. Ins. Co., 480 N.Y.S.2d 610, 613 (3rd Dep't 1984)) (emphasis added).  *See also,*

General Elec. Capital Corp. v. Royal Ins. Co. of America, 613 N.Y.S.2d 392, 396  (1st Dep't 1994);

McCarthy v. American Int'l Group, Inc., 283 F.3d 121, 125-27 (2nd Cir. 2002) (addressing a notice

provision similar to the one at bar, the court held that notice is deemed facially sufficient where it

identifies the insured and the nature of the claim against the insured, even though all specifics, including

the date of the acts complained of are not set forth in the notice).  Ulico, for these and reasons

discussed above, had sufficient notice from which it could "identify the insured and also reasonably

obtain information with respect to the time, place and circumstances of" Plaintiffs' claims.  Ulico's

argument regarding the sufficiency of the notice, therefore, should be stricken as and contrary to fact and law.

### 2.      The Notice Letter Gave Ulico Timely Notice.

Ulico was given notice of the claims at the same time as Defendants learned of the claims, so there was no delay in Ulico receiving this information.  Any assertion that the Notice Letter did not give Ulico timely notice, therefore, is contrary to fact.

Ulico additionally asserts that an August 7, 1998 Memorandum from Segal [herein the "Segal Letter"] put the Defendants on notice of "severe financial problems" faced by the Plan, thereby triggering Defendants' notice obligation to Ulico under the Policy.  *See* DeLuca Aff., **Exhibit A**, p.5 (Response No. 6., Subd. 3); *see also* Ulico's R.56 App., **Tab 7**.  Ulico's assertion, however, is misplaced.  The Policy, Section VII (2) (a), obligates Defendants to provide written notice to Ulico, "as soon as practicable" in the event of an "occurrence".  The term "occurrence" is not a defined term.  The Policy, Section I, however, states that it insures Defendants against losses incurred as a result of "any Wrongful Act".  Extrapolating, it would seem that an "occurrence" would be something in the nature of a Wrongful Act.  The Policy defines "Wrongful Act" as

> any actual or alleged error or omission or breach of duty committed or
> alleged to have been committed by the Insureds,

Applying the Segal Letter to this test, then, requires that we determine that it advised Defendants either that they had breached a fiduciary duty or advised that some third party had alleged Defendants had breached that duty; the Segal Letter fails this test.  The Segal Letter merely states that "we have the preliminary valuation of the [Plan] as of June 1, 1998" and thereafter proceeds to describe that financial condition.  Contrary to Ulico's argument that the Segal Letter constitutes notice of an occurrence, the Segal Letter notes that "the magnitude of the actuarial losses has been diminishing" and offers suggestions to address the Plan's financial issues.  The Segal Letter simply was another financial status

report of the Plan.  It was Segal's contractual obligation to report about the condition of the Plan and it did so many, many times over the years it was employed by the Plan.  The Plan was experiencing financial problems and it was Segal's job to make the Plan aware of those problems and to determine how to solve them.  It is disingenuous to suggest that the Segal Letter was anything more than a financial report to a failing Plan.

This court is well aware from the earlier motion for partial summary judgment (on the statute of limitations), that the number of participants in the Plan was declining at a precipitous rate and that fact, and the severe economy occasioning that decline, substantially contributed to the financial woes of the Plan.  Until Plaintiffs sent their Notice letter to Ulico, however, it never was suggested that the financial issues facing the Plan were caused by the malfeasance of the Defendants.  For this reason, too, this nuance of Ulico's Seventh Affirmative Defense should be dismissed as contrary to fact.

### 3.     *Ulico Still Has A Duty To Defend.*

In its interrogatory response regarding its Seventh Affirmative Defense, Ulico only identified two claims for which the Notice Letter did not allegedly provide sufficient notice of the underlying act or omission.  Specifically, Ulico has asserted that it was not provided with notice of the acts or omissions regarding "the Trustees' failure to implement collection guidelines [Plaintiff's fifth claim for relief] and failure to collect contributions[16] [Plaintiff's sixth claim for relief]."  *See* DeLuca Aff., **Exhibit A**, pp.4-5 (Response No. 6, Sec. (2)).  It is clear, however, that Ulico was put on notice of the majority of the specific claims that would be asserted as well as the general nature of the claims that would be asserted.  Having received notice of these claims, Ulico's broad duty to defend arises and

---

[16] As discussed above in Point II, Ulico asserts that failure to collect sufficient contributions is not even covered by the Policy.  Ulico, of course, fails to explain why it would be necessary for one to give notice of claims that do not fall within the Policy coverage.

obligates Ulico to defend all of the claims asserted in the Complaint against Defendants.  *See, e.g.,* Town of Massena, 749 N.Y.S.2d at 459.      For the reasons set forth above, Plaintiffs' assertions that the Notice Letter was neither sufficient nor timely should be dismissed as unfounded.  Accordingly, Defendants request that this Court stricken Ulico's Seventh Affirmative Defense and order Ulico to provide Defendants with a defense in the underlying action.

### D.  Ulico's Eighth Affirmative Defense (Failure To Meet Conditions Precedent) Must Be Dismissed And Defendants Must Be Provided With A Defense Under The Policy Because The Policy's Conditions Precedent Have Been Satisfied.

Ulico has generally asserted in its Eighth Affirmative Defense that conditions precedent stated in the Policy have not been satisfied.  In its Response to interrogatory requests, Ulico has identified three Policy provisions that constitute the conditions precedent upon which their Eighth Affirmative Defense is based:  Section VII paragraphs 2(a), 8 and 11. *See* DeLuca Aff., **Exhibit A**, pp.9-10 (Response No. 9 (referring to Response No. 6, Sec. (3), (9), and (10))).  For the reasons discussed herein, none of these sections presents a defense to Ulico's duty to defend the Defendants, nor does any present a defense to Ulico's obligation to indemnify the Defendants.

### 1.  The First Condition Precedent (Notice).

The first condition precedent that Ulico has identified is set forth in Section VII, paragraph 2(a) of the Policy.  That section is the notice section that is asserted in Ulico's Seventh Affirmative Defense and is discussed in this memorandum in connection with those affirmative defenses.  *See* Point III(C), *supra*.  For the reasons discussed therein, the notice provision Ulico has identified as a condition precedent must fail as without merit.

### 2.    The Second Condition Precedent (Final Determination).

Ulico asserts that Defendants have failed to comply with the Policy provision prohibiting actions against the Ulico until the value of the claim has been fully determined. This condition is also set forth as Ulico's Eighteenth Affirmative Defense and Ulico voluntarily has agreed to withdraw that Affirmative Defense from its Answer.  *See* <u>Costello Aff.</u>, **Exhibit A**.

### 3.    The Third Condition Precedent (Reliance on Representations).

Ulico finally asserts that Defendants failed to comply with the Policy provision in which the insureds represent that they understand that Ulico the Policy is issued in reliance upon the representations of the insureds.    This condition precedent is substantially the same as Ulico's Nineteenth Affirmative Defense and is discussed at greater length below in connection with that affirmative defense.   At this juncture, it will suffice to state that Defendants are aware of no material misrepresentations and Ulico has identified none and, for this reason, this condition must fail as without basis.

### E.    Third-Party Defendant's Tenth Affirmative Defense (Punitive Damages Exclusion) Should Be Dismissed As Moot.

As and for its Tenth Affirmative Defense, Third-Party Defendant alleges that the Third-Party Complaint must be dismissed based upon the subject "policy's exclusion of any claim for, or arising out of punitive damages. . . ."  *See* <u>Answer to Third Party Complaint of James Biddle, Sr. and George Ferraro</u>, ¶17; <u>Answer to Third Party Claim of Thomas Herr</u>, ¶15; <u>Answer to Third Party Claim of Terrence L. Bodewes, James Maloney and Ernest Bouchard</u>, ¶16.  In its Amended Complaint filed April 12, 2000, Plaintiffs include a claim for "compensatory and punitive damages against Defendants, jointly, and severely in an undetermined amount".  Plaintiffs, in the Second Amended Complaint, however, state no claim for punitive damages.   Ulico's Tenth Affirmative Defense, therefore, at this time

is moot and should be stricken as the issue of punitive damages is no longer before this Court.[17]   Finally, even if a claim for punitive damages were set forth, the express terms of the Policy provide that Ulico still bears an obligation to defend such an action. (See Section IV [b] of the Policy.)   The Policy excludes any claim for or arising out of:

> (b) Fines, penalties, taxes, punitive damages, except that if a suit shall have been brought against the insured on a claim falling within the coverage hereof, seeking both compensatory damages and fines, penalties, taxes, punitive or exemplary damages, then the **Company will afford a defense to such action**, without liability, however, for such fines, penalties, taxes, punitive or exemplary damages.

*See* Ulico's R.56 App., **Tab 1**, Sec. IV(b).

For the reasons stated, Ulico's Tenth Affirmative Defense should be stricken as moot or unfounded, or both, and, at a minimum, Ulico must be required to assume Defendants' defense in the Action and compensate Defendants for all legal expenses incurred in the Action to date.

### F.   Ulico's Eleventh Affirmative Defense (Intentional Harm Exclusion) Should Be Stricken Because None Of The Plaintiffs Claims Falls Within That Exclusion.

Ulico asserts as its Eleventh Affirmative Defense that it is relieved from the obligations of the Policy because the Policy contains an exclusion "of any claim for, or arising out of, intentional harms. . . ." *See* DeLuca Aff., **Exhibit A**, pp.6-7 (Response No. 6 and 7). It is not clear what is intended to be encompassed within this exclusion, but, facially, it appears that it is intended to cover things such as embezzlement—intentional acts which are *intended* to harm the Plan.  An examination of the Complaint, the Amended Complaint and the Second Amended Complaint shows that Trustees have alleged no

---

[17] The question of Ulico's liability for punitive damages is of no real consequence to Ulico. The level of compensatory damages claimed by Plaintiff in its Second Amended Complaint is in an amount exceeding Forty-Two Million Dollars.   Ulico's liability is limited to the amount of its insurance policy—two million dollars.

such wrongful acts and no damages  that resulted in intentional harm. [18]   For this, and for the reasons discussed herein, Ulico's Eleventh Affirmative Defense must be stricken.

###    G.    Ulico's Twelfth Affirmative Defense (Failure To Give Notice During Policy Period) Should Be Dismissed As Contrary To The Undisputed Facts.

As and for its Twelfth Affirmative Defense, Ulico  alleges that the Third-Party Complaint must be dismissed "in as much as such claims were not made prior to the termination of the policy. . . ."  *See* Answer to Third Party Complaint of James Biddle, Sr. and George Ferraro, ¶18;  Answer to Third Party Claim of Thomas Herr, ¶16;  Answer to Third Party Claim of Terrence L. Bodewes, James Maloney and Ernest Bouchard, ¶17.

The Policy was in effect from May 15, 1998 to July 10, 1999. *See* Ulico's R.56 Stmt., ¶1.  By way of the Notice Letter dated May 14, 1999, the current counsel for the Plaintiffs put Ulico on notice that claims in issue would be asserted against Trustees of the Plan. *See* Ulico's R.56 Stmt., ¶9; *see also* Ulico's R.56 App., **Tab 24**.  The "Claims Made Extension Clause" of the Policy (Section III of the Policy) provides as follows:

> If during the Policy Period the Insured gives written notice to the Company of an act or omission which the Insured first believes may subsequently result in [sic] claim against him for which coverage would otherwise be afforded, then, any claim which is, in fact, subsequently made against the Insured for such act or omission **shall be deemed to**

---

[18] In their Second Amended Complaint, Plaintiffs have alleged that information regarding the Fund was concealed from them and that the Plaintiffs were unable sooner to determine that the Defendants had breached their fiduciary duty.  The concealment allegation states no harm; it states merely that the Plaintiffs, through due diligence, as a result of concealment of material facts, were unable to discover acts of nonfeasance that Defendants allegedly committed.  It is the alleged acts of nonfeasance that allegedly caused the damage, *not* the concealment.

**have been first made against the Insured during the Policy Period.**

*See* Ulico's R.56 App., **Tab A**, Sec. III (emphasis added).

In the case at bar, Ulico was given notice of the claims prior to the expiration of the Policy Period and, pursuant to the express terms of the Policy, are "deemed to have been first made. . .during the Policy Period." Plaintiffs commenced this action approximately seven months after Ulico was put on notice of these claims and Ulico, having had notice during the policy period, is obligated to defend against these claims. For this reason, Ulico's Twelfth Affirmative Defense should be stricken as wholly without merit.

**H.     Ulico's Thirteenth Affirmative Defense (Lack Of Coverage For Claims Expenses) Should Be Stricken Because The Policy Covers Claims Expenses.**

Ulico states as its Thirteenth Affirmative Defense that Defendants' claims against Ulico should be stricken because the Policy does not provide "coverage for claims expenses, including attorneys' fees." *See* Answer to Third Party Complaint of James Biddle, Sr. and George Ferraro, ¶20; Answer to Third Party Claim of Thomas Herr, ¶18; Answer to Third Party Claim of Terrence L. Bodewes, James Maloney and Ernest Bouchard, ¶19. Contrary to that Affirmative Defense, however, the Policy, does include coverage for "claims expenses," including attorneys fees.   For that reason, as discussed in greater detail below, Ulico's Thirteenth Affirmative Defense should be stricken, and the Company must be required to provide Defendants with a defense to Plaintiff's complaint, and pay Defendants' attorney fees expended to date.

The Policy expressly states that Ulico shall "pay Claim Expenses." *See* Ulico's R.56 App., **Tab 1**. "Claim Expenses" are defined to include, among other things, "fees charged by an attorney" and "all other fees, costs or expenses incurred in the investigation, adjustment, defense and appeal of a claim. . .

." *See* Ulico's R.56 App., **Tab 1**, Sec. II(c).  Such expenses, unequivocally, fall within the ambit of liabilities Ulico undertook to insure through the Policy.

In its interrogatory responses Ulico attempts to justify its contrary position: "as no action may, at this point, be maintained against Ulico pursuant to the policy…then Ulico is not yet responsible for claim expenses." *See* DeLuca Aff., **Exhibit A**, p.11 (Response No. 14 (referring to Response No. 6, Sec. 9)).  Ulico's position on this point, therefore, is circular and presents no new argument for consideration. Effectively, Ulico is stating that in the event this court determines that Defendants cannot maintain their Third Party action against Ulico at this time, then Ulico at this time cannot be made to pay the claim expenses it otherwise is contractually bound to pay.  The argument is circular and presents no considerations beyond those explicated above and following in this Memorandum.  As such, Ulico's Twelfth Affirmative Defense should be stricken as contrary to the express terms of the Policy and redundant of all other defenses.

## I. **Ulico's Fourteenth Affirmative Defense Must Be Dismissed And Defendants Must Be Provided With A Defense Under The Policy Because None Of The Plaintiffs Claims Falls Within The Willful Or Reckless Violation Of Any Statute Exclusion.**

Ulico raises as its Fourteenth Affirmative Defense, that Defendant's Claims fall within the Policy's exclusion precluding coverage of "any act which is, or alleged to be, the willful or reckless violation of any statute." *See* Answer to Third Party Complaint of James Biddle, Sr. and George Ferraro, ¶21; Answer to Third Party Claim of Thomas Herr, ¶19; Answer to Third Party Claim of Terrence L. Bodewes, James Maloney and Ernest Bouchard, ¶20.  No version of Plaintiffs' Complaint, however, alleges any acts that constitute a willful or reckless violation of a statute.  For that reason, Ulico's Fourteenth Affirmative Defense must be stricken.

**J.    Fifteenth Affirmative Defense Of The Third-Party Defendant Must Be Dismissed And Defendants Must Be Provided With A Defense Under The Policy Because None Of The Plaintiffs Claims Falls Within The Policy's Exclusion Of Liability Of Others.**

Ulico, in its Fifteenth Affirmative Defense, asserts that the Third Party Action should be dismissed because the Policy excludes "any claim for, or arising out of, the liability of others assumed under any contract or agreement".  *See* Answer to Third Party Complaint of James Biddle, Sr. and George Ferraro, ¶22; Answer to Third Party Claim of Thomas Herr, ¶20; Answer to Third Party Claim of Terrence L. Bodewes, James Maloney and Ernest Bouchard, ¶21.   In its response to an interrogatory requesting the basis of Ulico's Fifteenth Affirmative Defense Ulico stated that it "is unable to provide facts regarding those claims for, or arising out of the liabilities of others, assumed under any contract or agreement as Ulico has not yet obtained or reviewed such agreements or contracts".  *See* DeLuca Aff., **Exhibit A**, pp.11-12 (Response No. 16).  Plaintiffs have asserted no claims arising out of liabilities for others and Defendants know of none.  For these reasons, this exclusion has no relevance to the action or claims before this Court, and accordingly, Ulico's Fifteenth Affirmative Defense should be stricken.

**K.    Ulico's Seventeenth Affirmative Defense Should Be Dismissed Because The "Known Risk" Doctrine Is Not Recognized In This Jurisdiction.**

Ulico alleges as its Seventeenth Affirmative Defense that the claims by Defendants must be dismissed "based upon the known risk doctrine."  Similarly, in its Interrogatory Responses, Ulico has stated that Defendants' first, second, third and fourth claims for relief "must be dismissed based upon the 'known risk' doctrine." *See* DeLuca Aff., **Exhibit A**, p. 13 (Response No. 18).

As a matter of law, Ulico's Seventeenth Affirmative Defense should be stricken.  The United States Court of Appeals for the Second Circuit has carefully examined New York law and has "expressly rejected the existence of such a 'known risk' doctrine." National Union Fire Ins. Co. of Pittsburgh, Penn. v. The Stroh Companies, Inc., 265 F.3d 97, 108 (2nd Cir. 2001) (*quoting* City of

Johnstown v. Bankers Standard Ins. Co., 877 F.2d 1146, 1152-53 (2nd Cir. 1989)).   Indeed, the Second Circuit explicitly stated that New York law "does not recognize the 'broader proposition that a risk, once 'known' is uninsurable.'" National Union Fire Ins. Co., 265 F.3d at 108 (quoting  Stonewall Ins. Co. v. Asbestos Claims Mgmt. Corp., 73 F.3d 1178, 1215 (2nd Cir. 1995).

Accordingly, given that Ulico cannot rely on the non-existent "known risk doctrine", Ulico's Seventeenth Affirmative Defendant must be stricken.

### L.     Ulico's Nineteenth Affirmative Defense (Material Representations) Should Be Dismissed As without Factual Basis.

Plaintiffs assert as their Nineteenth Affirmative Defendant that Ulico issued the Policy upon "material misrepresentations, errors, omissions and/or fraudulent statements" [herein, referred to collectively as "misrepresentations"].  As a result of such alleged misrepresentations, Ulico asserts that it might have "denied the application for the subject insurance policy had it been aware of the misrepresentations." See Answer to Third Party Complaint of James Biddle, Sr. and George Ferraro, ¶27; Answer to Third Party Claim of Thomas Herr, ¶25; Answer to Third Party Claim of Terrence L. Bodewes, James Maloney and Ernest Bouchard, ¶26.  Defendants are aware of no misrepresentations and believe none exists.  Ulico's Nineteenth Affirmative Defense appears to be a form defense for which no factual basis exists.  For these reasons, Ulico's Nineteenth Affirmative Defense should be stricken as without merit or factual basis.

<u>C</u><u>ONCLUSION</u>

Based upon the foregoing, it is respectfully requested that this Court deny Ulico's motion for summary judgment and grant Defendants Terrence L. Bodewes, Thomas Herr, James Biddle, Sr., and George Ferraro's motion for summary judgment, ordering Ulico to indemnify Defendants with regard to some or all of the claims asserted by Plaintiffs in the Action, ordering Ulico to assume Defendants' defense relative to the claims asserted in the Action, and ordering Ulico to reimburse Defendants for all attorneys' fees and costs they have incurred in their defense of the Action.


**BOYLAN, BROWN, CODE,**
**VIGDOR & WILSON, LLP**


By:     s/Mark A. Costello
Mark A. Costello, Esq., of Counsel
Attorneys for Defendants and
Third-Party Plaintiff Terrence L. Bodewes
2400 Chase Square
Rochester, New York  14604
(585) 232-5300

DAMON & MOREY LLP


By:     s/R. Scott DeLuca
R. Scott DeLuca, Esq., of Counsel
*Attorneys for Defendants and*
*Third-Party Plaintiffs James Biddle, Sr.*
*and George Ferraro*
1000 Cathedral Place
298 Main Street
Buffalo, New York 14202-4096
(716) 856-5500


**COHEN & LOMBARDO, P.C.**


By:     s/Daniel J. Sperrazza
Daniel J. Sperrazza, Esq., of Counsel
*Attorneys for Defendants and*
*Third-Party Plaintiff Thomas Herr*
343 Elmwood Avenue; P.O. Box 5204
Buffalo, New York  14213-5204
(716) 881-3010

<u>CERTIFICATE OF SERVICE</u>

I, R. Scott DeLuca, Esq., certify that on the 30th day of January, 2004, a copy of the Memorandum of Law on Behalf of Defendants/Third-Party Plaintiffs Terrence L. Bodewes, Thomas Herr, James Biddle, Sr., and George Ferraro in Support of Defendants' Cross-Motion for Summary Judgment and in Opposition to Third-Party Defendant Ulico Casualty Company's Motion for Summary Judgment, was sent to counsel of record in this action, via first class mail, at the following addresses:

| | |
|---|---|
| **LEVY RATNER P.C.** | **HISCOCK & BARCLAY, LLP** |
| Richard A. Levy, Esq. | Anthony J. Piazza, Esq. |
| Owen Rumelt, Esq. | 2000 HSBC Plaza |
| 80 Eighth Avenue | Rochester, New York 14604 |
| New York, New York 10011-5126 | |
| | |
| Michael Rickard, II, Esq. | Lawrence C. Brown, Esq. |
| 24A Old Lyme Road, Suite 4 | 360 Dingens Street |
| Williamsville, New York 14221 | Buffalo, New York 14206 |

_____
s/R. Scott DeLuca

R. Scott DeLuca, Esq.